996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LITTON INDUSTRIES, INC., by The WILDFLOWER PARTNERSHIP;
William B. Weinberger, Shareholders Suing
Derivatively and in Their Own Capacity,
Plaintiffs-Appellants,
v.
Orion L. HOCH; Roland O. Peterson; Joseph T. Casey;
Joseph F. Caligiuri, et al., Defendants-Appellees.
and
Litton Industries, Inc., Nominal Defendant.
 No. 91-56528.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided July 2, 1993.
 
 Before: FARRIS, NORRIS AND REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The plaintiffs filed a shareholder derivative suit against the officers and directors of Litton Industries, Inc., claiming that they caused or permitted a pervasive pattern of wrongdoing. The plaintiffs alleged violations of 1) RICO; 2) the proxy provisions of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78n(a), and Rule 14a-9; and 3) the prohibitions against unfair business practices of the California Business and Professional Code. They also alleged breach of fiduciary duties.
 
 
 3
 The district court dismissed the plaintiffs' original, first amended and second amended complaints for failure to state with particularity, as required by Fed.R.Civ.P. 23.1, the reasons that it would be futile for the plaintiffs to demand that the Board of Directors file suit on behalf of the corporation. The court ruled that the plaintiffs could file their claim again if they made a demand upon Litton's Board and it was refused. The plaintiffs demanded that Litton's Board commence legal proceedings against the directors and officers and all other persons responsible for Litton's illegal activities.
 
 
 4
 Litton's Board established a Special Litigation Committee composed of three outside directors to investigate the plaintiffs' claims. The SLC recommended that Litton's Board not file suit. The Board rejected the plaintiffs' demand. The defendants moved for summary judgment on the plaintiffs' third amended complaint and the district court granted the motion.
 
 
 5
 We affirm.
 
 I. BUSINESS JUDGMENT RULE
 
 6
 We review a grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 
 7
 The plaintiffs argue that the district court should have applied federal law to determine whether Litton's Board of Directors had the authority to terminate the shareholders' derivative suit. They argue that federal law requires the court to inquire into the independence of the Board in addition to the reasonableness and good faith of its decision. The Supreme Court held in Burks v. Lasker, 441 U.S. 471 (1979), that state law governs the power of a corporate board to terminate a derivative suit unless state law conflicts with federal policy. Id. at 478-79.
 
 
 8
 Litton is incorporated in Delaware. Under Delaware law, "a board decision to cause a derivative suit to be dismissed as detrimental to the company, after demand has been made and refused," is reviewed under the business judgment rule. Zapata Corp. v. Maldonado, 430 A.2d 779, 784 (Del.1981). "The only relevant question is whether the directors acted in an informed manner and with due care, in a good faith belief that their action was in the best interest of the corporation." Levine v. Smith, 591 A.2d 194, 198 (Del.1991). By making a demand on the corporate board, the shareholder concedes the board's independence and lack of self-interest. Id. at 197-98.
 
 
 9
 The plaintiffs contend that because the district court required them to make a demand to avoid dismissal, they have not conceded director independence. The Delaware Supreme Court has rejected this position. See Stotland v. GAF Corp., 469 A.2d 421, 422-23 (Del.1983). The plaintiffs tacitly argue that the demand should have been excused as futile. But the district court required a demand because it found that a demand would not be futile. The shareholders could have appealed that ruling. They instead chose to make a demand, and thereby, conceded the Board's independence. See Spiegel v. Buntrock, 571 A.2d 767, 775 (Del.1990).
 
 
 10
 The plaintiffs argue that Delaware law conflicts with public policies underlying Section 14(a) of the Securities and Exchange Act of 1934 and RICO, because it permits a defendant director to terminate a shareholder suit. Merely being named as a defendant does not disqualify a director from deciding whether the company should pursue a claim. See Lewis v. Anderson, 615 F.2d 778, 780 (9th Cir.1979). A director may decide to terminate derivative litigation consistent with federal policy so long as he is disinterested. Id. at 784; see also Allison v. General Motors, Corp., 604 F.Supp. 1106, 1115 (D.Del.), aff'd mem., 782 F.2d 1026 (3d Cir.1985) (holding that RICO does not bar director termination of shareholder suits).
 
 II. DISCOVERY AND EVIDENTIARY MOTIONS
 
 11
 We review discovery and evidentiary rulings for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.1992) (discovery); Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988) (evidence).
 
 A. Motion to Compel
 
 12
 The plaintiffs argue that the court improperly denied their motion to compel production of documents. The plaintiffs requested all documents that related to the SLC's investigatory process. The defendants produced, among other documents, the SLC report, the minutes of the Board meetings pertaining to the demand and the SLC, and the minutes of the SLC meetings. The plaintiffs complain that the defendants did not produce notes from witness interviews and various other documents.
 
 
 13
 The SLC relied on oral summaries of witness interviews, rather than the written notes of counsel. Thus counsel's notes of witness interviews are not relevant to the good faith and reasonableness of the SLC's investigation and the Board's decision. In the absence of a reason to suspect the reliability of the lawyers' work in preparing the summaries, the SLC had no obligation to read the lawyers' notes of the witness interviews to make sure that the summaries provided to the SLC reflected those notes. Thus, the district court did not abuse its discretion in denying the plaintiffs' motion to compel production of the witness notes or any other documents.
 
 B. Request for Additional Discovery
 
 14
 The plaintiffs argue that the district court erroneously denied their motion for additional discovery. Under Fed.R.Civ.P. 56(f), the moving party bears a heavy burden:
 
 
 15
 Rule 56(f) requires affidavits setting forth particular facts expected from the movant's discovery. Brae Transportation, Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986). A Rule 56(f) motion must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact. Fed.R.Civ.P. 56(e), (f).
 
 
 16
 Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir.1989). The plaintiffs argue that the court should have permitted them extra time to depose Litton's in-house counsel. The plaintiffs failed to set forth any facts that they expected to learn by deposing in-house counsel, or show how such facts would preclude summary judgment. The district court properly denied the motion.
 
 C. Objection to the SLC Report
 
 17
 The plaintiffs objected to the admission of the SLC report on two grounds: 1) the report was inadmissable hearsay, and 2) the report was not properly authenticated.
 
 
 18
 The district court did not rely on the SLC report as "evidence to prove the truth of the matter[s] asserted" in the report. See Fed.R.Evid. 801(c). The court admitted the report as evidence that the Board appointed a committee which conducted an investigation. The report was not hearsay for the purposes for which the court admitted it.
 
 
 19
 The plaintiffs cannot seriously question the authenticity of the SLC report. They rely on the report in their brief to the court. If the district court erred by admitting the report without a proper foundation, the error was harmless. Any competent witness with personal knowledge could have authenticated the document. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1551 (9th Cir.1990).
 
 III. SUMMARY JUDGMENT
 
 20
 The business judgment rule protects the Board's decision to terminate the suit so long as its investigation was reasonable and conducted in good faith. Lewis, 615 F.2d at 783. The Board's decision must be respected unless it was grossly negligent. Smith v. Van Gorkom, 488 A.2d 858, 873 (Del.1985).
 
 
 21
 The plaintiffs argue that the investigation was negligent because the SLC relied on oral summaries of testimony. But the plaintiffs have not suggested why reliance on summaries of testimony was unreasonable or constituted bad faith. The defendants provided the plaintiffs with minutes to the SLC meetings. The plaintiffs do not point to any deficiencies in the testimonial summaries.
 
 
 22
 The plaintiffs argue that the investigation was not objective because inside counsel interviewed senior management. The plaintiffs failed to show how participation by inside counsel either adversely affected the investigation or demonstrated bad faith on the part of the SLC. See Kaplan v. Wyatt, 499 A.2d 1184, 1190 (Del.1985).
 
 
 23
 As the district court concluded, the directors need not show that they performed a perfect investigation. The record reflects that the SLC's investigatory procedures were adequate. Nothing more was required. Gaines v. Haughton, 645 F.2d 761, 772 (9th Cir.1981), cert. denied, 454 U.S. 1145 (1982).
 
 
 24
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3