David STOTLAND and Adele Stotland on behalf of themselves and all other stockholders of GAF Corporation, Plaintiffs Below, Appellants,

v.

GAF CORPORATION, et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Submitted: Nov. 14, 1983.

Decided: Dec. 5, 1983.

William Prickett, Jr., Michael Hanrahan, and Vernon R. Proctor, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellants.

Steven J. Rothschild, Andrew J. Turezyn, Skadden, Arps, Slate, Meagher & Flom, Wilmington, for the individual appellees.

Jack B. Jacobs, Young, Conaway, Stargatt & Taylor, Wilmington, for appellee GAF Corp.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

PER CURIAM:

The appellees move to dismiss this appeal for mootness. The action was filed in the Court of Chancery as a stockholders' derivative suit, and subsequently was ordered dismissed because of the plaintiffs' failure to comply with Chancery Rule 23.1, respecting a demand upon the directors of the corporate defendant, GAF Corporation (GAF), or otherwise to demonstrate the futility of such demand.[1] After dismissal, but before taking this appeal, one of the plaintiffs filed a written demand that the GAF board take action to enforce the company's rights in connection with certain transactions, in-

---

1. Chancery Rule 23.1, similar to Federal Civil Rule 23.1, provides in pertinent part:

   In a derivative action brought by 1 or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall allege that the plaintiff was a shareholder or member at the time of the transaction of which he com-

plains or that his share or membership thereafter devolved on him by operation of law. The complaint *shall* also *allege with particularity* the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority *and the reasons for his failure to obtain the action or for not making the effort.* Del.Ch.Ct.R. 23.1 (Emphasis added).

cluding those which were the original subject of the Chancery suit. As yet GAF has not responded to the demand, which has been referred to a committee of the board for appropriate action. Under *Zapata Corp. v. Maldonado,* Del.Supr., 430 A.2d 779, 784–786 (1981) the effect of such demand is to place control of the litigation in the hands of the GAF directors. Accordingly, the question whether demand was excused, which was the basis of the Court of Chancery's dismissal, and plaintiffs' appeal here, is now moot. The defendants' motion to dismiss must be granted.

### I.

The facts are simple. On July 7, 1982 this derivative action was filed on behalf of GAF against the company and its directors, alleging that the director defendants breached their fiduciary duties to GAF and wasted its assets. On October 15, 1982, the plaintiffs moved to amend their complaint to add a further allegation of breach of fiduciary duty and waste of assets. No demand was made upon the directors either before the complaint or the motion to amend were filed.

Thereafter, on September 1, 1983, the Court of Chancery denied plaintiffs' motion to amend their complaint, and ordered the action dismissed for the plaintiffs' failure to make a demand or to properly demonstrate its futility. Following dismissal, the plaintiff David Stotland, through counsel for all plaintiffs, sent a letter dated September 16, 1983, to GAF's board demanding that it take action to enforce GAF's rights in connection with certain transactions which had been the subject of the Chancery suit. In addition to repeating the allegations of the complaint, Stotland included the substance of the proposed amendment thereto, plus two new claims not previously asserted against the individual defendants.

The plaintiffs then filed this appeal on September 30, 1983, challenging dismissal of their original complaint. The basis of the appeal is that the trial court erred in its finding that plaintiffs failed to comply with the requirements of Chancery Rule 23.1.

After receipt of the demand, GAF's board of directors appointed a committee to review Stotland's allegations and directed the submission of a report to the board regarding the same. The Committee's review of the demand is now in progress.

### II.

In *Zapata Corp. v. Maldonado,* 430 A.2d at 784–786, this Court held that once a demand has been made, absent a wrongful refusal, the stockholders' ability to initiate a derivative suit is terminated. According to the defendants, the plaintiffs now have taken the important step which the Court of Chancery found lacking at the time the action was dismissed. The defendants argue that the issues of futility of demand, upon which this appeal is based, have been rendered moot by plaintiffs' subsequent compliance with Chancery Rule 23.1. Thus, any decision by us on that subject would constitute an impermissible advisory opinion of a type which this Court has previously avoided. See *Sannini v. Casscells,* Del. Supr., 401 A.2d 927, 930 (1979).

First, the plaintiffs respond that the motion to dismiss the appeal is untimely. Second, that this Court should decide the issues regarding futility of demand notwithstanding the fact that demand now has been made. Finally, plaintiffs question the qualifications and independence of the committee members of the board to whom the demand has been referred.

### III.

We agree with defendants that this appeal must be dismissed as moot. Plaintiffs' challenge of untimeliness in the filing of defendants' motion to dismiss is without merit. Supreme Court Rule 30(d) provides in pertinent part:

A motion to dismiss an appeal for failure timely to file a notice of appeal shall be served and filed within 10 days of filing of the notice of appeal. A motion to dismiss an appeal on any other ground

shall be filed within 10 days after the filing of the appellant's brief or within 10 days *after the act or omission claimed to be the basis for dismissal.* Del.S.Ct.R. 30(d) (Emphasis added).

The chronology of events indicates that the demand was sent to GAF's board on September 16, 1983, two weeks before the appeal was filed on September 30, 1983. The next GAF board meeting was on October 20, 1983, when a committee of directors was appointed to review plaintiffs' demands. The motion to dismiss was filed on October 28, 1983. After the appeal was taken the first cognizable act claimed to be the basis for dismissal under Rule 30(d) was the referral of plaintiffs' demand to a committee of GAF's board on October 20, 1983. That was the definitive act claimed to be the basis for dismissal. Certainly, defendants could not have moved to dismiss this appeal within 10 days after the demand letter was sent, since there was no appeal then pending. By this standard, defendants' motion to dismiss was timely under Rule 30(d). But that is not the sole basis for our conclusion that the motion to dismiss is proper. Under Supreme Court Rule 29(b), the power to dismiss an appeal for mootness is always available to the Court. That rule provides in pertinent part:

*Involuntary Dismissal.* The Court may order an appeal dismissed, *sua sponte,* or upon a motion to dismiss by any party. Dismissal may be ordered for untimely filing of an appeal, for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court *or for any other reason deemed by the Court to be appropriate....* Del.S.Ct.R. 29(b) (Emphasis added).

■ Turning to the substantive aspects of defendants' motion to dismiss, it is clear that the issues of this appeal have been rendered moot by the demand made upon GAF's board. *Zapata Corp. v. Maldonado, supra.* While plaintiffs argue that such issues should be decided, there is no basis for this Court to render an advisory opinion to them on questions which they have mooted by their own action. *Sannini v. Casscells, supra.*[2]

Finally, plaintiffs' claim that the referral of their demand to a committee of the GAF board raises questions as to the qualifications and independence of the directors involved. But those are factual issues which this Court cannot decide. Moreover, since the GAF board has not yet considered the report of its committee, it is premature to assume that the directors will take any action detrimental to the interests of GAF or its stockholders. Any claim of a wrongful refusal by defendants to consider the demand must await future developments. In any event no such issue has yet been raised in the trial court, and clearly it has no place here at this time. Del.S.Ct.R. 8.

For the foregoing reasons, the motion of the defendants to dismiss this appeal is granted. The matter is remanded to the Court of Chancery with instructions to retain jurisdiction pending action by the committee of GAF's directors, and/or GAF's board, respecting Stotland's demand. Thereafter, the trial court may consider any pertinent issues respecting that subject. However, at this stage such questions are premature.

DISMISSED AND REMANDED.

---

**2.** We also note that similar issues regarding futility of demand are presently before the Court, and are now under submission in *Senior Aronson, et al. v. Harry Lewis,* No. 203, 1983. There, the issues are not moot, and will be decided in the context of a real case and controversy.