**TEXACO REFINING & MARKETING INC., a Delaware corporation, Appellee Below, Appellant,**

**v.**

**John E. WILSON, III, Secretary of the Department of Natural Resources and Environmental Control, Appellant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 23, 1990.

Decided: Jan. 31, 1990.

Richard D. Allen and Palmer L. Whisenant (argued), Morris, Nichols, Arsht & Tunnell, Wilmington, for appellee below, appellant.

Jeanne L. Langdon (argued), Deputy Atty. Gen., Dept. of Natural Resources & Environmental Control, Dover, for appellant below, appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

**PER CURIAM:**

The appeal poses the single question of the number of votes required for the Envi-

ronmental Appeals Board ("Board") to reverse a decision of the Secretary of the Department of Natural Resources and Environmental Control ("Secretary"). In construing the applicable statute, the Superior Court ruled that four of the seven members were required to vote to override a decision of the Secretary. We agree with this interpretation and affirm.

## I

This matter originated in the effort by Texaco Refining and Marketing Inc. ("Texaco") to secure a temporary emergency variance from certain pollution standards under the procedure set forth in 7 *Del. C.* § 6012(c). The variance request was denied by the Secretary and Texaco promptly appealed that denial to the Board. By vote of three to two the Board reversed the Secretary and granted the variance. The Secretary thereupon appealed to the Superior Court, which ruled that the vote of a majority of the Board, four members, was required to reverse the Secretary's decision. Texaco filed an appeal from that ruling but the parties have resolved their remaining differences over the variance. Although the underlying controversy was rendered moot, this Court agreed to decide the legal issue because of its importance to the functioning of the Board and the prospect of recurrence. *McDermott Inc. v. Lewis*, Del.Supr., 531 A.2d 206, 211 (1987).

We are required to construe the Board's decisional authority under 7 *Del. C.* § 6007(c), which provides:

A simple majority of the Board shall constitute a quorum. A simple majority of the Board shall be required for overriding the decision of the Secretary. If the Board fails to act on any appeal within 90 days following the receipt of the appeal, the decision of the Secretary shall be considered as affirmed by the Board.

The Superior Court ruled that while the first sentence of the statute was clear, the second sentence was ambiguous and required interpretation. In construing the disputed sentence, the Superior Court concluded that the language was intended to provide a standard for overruling the Secretary's decision. The court then reasoned that the second sentence would be rendered mere surplusage if read to mean that only a simple majority is necessary to override the Secretary's decision. Thus, under Texaco's interpretation, the second sentence adds nothing to the quorum impact of the first sentence.

■ The Superior Court's analysis is correct and accords with the statutory purpose of creating a higher threshold for reversing the Secretary's decision than is required to establish a quorum. In construction of a statute in the face of arguable ambiguity between its components, a court shall strive to read each component in light of every other part to produce a harmonious whole. *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, Del.Supr., 492 A.2d 1242 (1985). In reaching an overall or entire construction, the Court must avoid arriving at a meaning that is absurd or unworkable, *i.e.*, a result clearly at variance with the apparent legislative intent. *Nationwide Ins. Co. v. Graham*, Del.Supr., 451 A.2d 832 (1982). The first sentence of section 6007(c), requiring four members (a simple majority) of the Board to be present to establish a quorum, is clearly stated, and in the absence of the second sentence would permit the usual functioning of a quorum—to transact any business by affirmative votes of the members constituting a quorum. The insertion of the second sentence, however, has significance only if it imports a different and more restrictive limitation on the usual power of a simple majority quorum. That restriction is the requirement that when the Board exercises one of its functions or powers—the reversal of the Secretary—a majority of the members of the Board must vote to achieve that result. We agree with the Superior Court that to give any other effect to the second sentence renders it repetitious of the clearly implied quorum authority of the first sentence.

■ Texaco argues that further uncertainty as to the four member requirement implied in the second sentence of section 6007(c) arises in the light of the provisions

of 7 *Del.C.* § 6008(d), which requires a written decision to be signed by "a minimum of five members" of the Board. The implication is that a three to two vote to override, as occurred here, is valid and within the contemplation of the statute. We agree with the Superior Court, however, that the signing requirement is primarily one of authentication. While some uncertainty exists concerning the full thrust of section 6008, we are not persuaded that it has the effect of negating the entire common sense meaning of section 6007(c).

AFFIRMED.