## OPINION OF THE JUSTICES.

Supreme Court of Delaware.

Nov. 10, 1994.

Re: *Request for Opinions of the Justices Pursuant to 10 Del.C. § 141*

Dear Representative Spence and Senator Cordrey:

On November 7, 1994, the Justices of the Supreme Court received a letter from you dated November 2, 1994, requesting the Opinions of the Justices pursuant to House Concurrent Resolution No. 83, enacted July 1, 1994, by the 137th General Assembly. The question presented is "whether board and commission members appointed under Titles 23 and 24 are 'public officers' for the purposes of Art. XV, § 5" of the Delaware Constitution.

In view of the fact that this letter was not received by the Justices until November 7, 1994, it was impracticable for the Justices to respond to the 137th General Assembly before it went out of existence as a consequence of the general election held on November 8, 1994. *See* Del. Const. Schedule, § 4 ("The terms of Senators and Representatives shall begin on the day next after their election."); *see Opinion of the Justices*, Del.Supr., 330 A.2d 764 (1974):

[I]t is our opinion that the terms of the Senators and Representatives elected to the General Assembly of Delaware (the 128th) on November 5, 1974, commenced "on the day next after their election", in accordance with Section 4 of the Schedule to the Delaware Constitution of 1897. It follows, in our opinion, that the terms of the members of the previous General Assembly (the 127th) ended simultaneously. *Id.* at 768. *See, also, Opinion of the Justices*, Del.Supr., 175 A.2d 543 (1961).

The request for the Opinions of the Justices received on November 7, 1994, was submitted pursuant to 10 *Del.C.* § 141(a), which provides:

The Justices of the Supreme Court, whenever the Governor of this State or a majority of the members elected to each House may by resolution require it for public information, or to enable them to discharge their duties, may give them their opinions in writing touching the proper construction of any provision in the Constitution of this State, or of the United States, or the constitutionality of any law or legislation passed by the General Assembly, or the constitutionality of any proposed constitutional amendment which shall have been first agreed to by two-thirds of all members elected to each House.

The Justices are concerned regarding their inability to answer the request for Opinions from the 137th General Assembly, since it is impossible to address the reply to that body, it having gone out of existence.

This statute permits, but does not require, the Justices to provide their Opinions to the General Assembly "for public information, or to enable them to discharge their duties." House Concurrent Resolution No. 83 of the 137th General Assembly states that "the General Assembly is desirous to know whether there is or is not a constitutional impediment" to the provisions referred to therein. The Justices are concerned, however, that, since the 137th General Assembly has been superseded by the 138th General Assembly, there are no duties which the 137th General Assembly may now perform, it having passed out of existence.

Whether or not the 138th General Assembly would likewise concur regarding the need

for the Opinions of the Justices on the same question for public information or to enable the 138th General Assembly to discharge its duties, remains to be seen.

Accordingly, the Justices must respectfully decline at this time to provide the Opinions requested. This declination should not be construed as an indication of a reluctance on the part of the Justices to answer this or a similar question formally presented by resolution of the 138th General Assembly within a time frame which would enable the Justices to provide their Opinions to that body.

Respectfully submitted,

/s/ E. Norman Veasey
E. NORMAN VEASEY
Chief Justice

/s/ Joseph T. Walsh
JOSEPH T. WALSH

/s/ Randy J. Holland
RANDY J. HOLLAND

/s/ Maurice A. Hartnett
MAURICE A. HARTNETT, III

/s/ Carolyn Berger
CAROLYN BERGER
Justices