GENERAL MOTORS CORPORATION, a Delaware Corporation, Appellant, Appellee/Cross–Appellant Below,

v.

NEW CASTLE COUNTY, a Political Subdivision of the State of Delaware, and Department of Finance of New Castle County, Appellee, Appellant/Cross–Appellee Below,

and

Board of Assessment Review of New Castle County; and Debra F. Rodenbaugh, Richard M. Lagergren, George B. Schreppler, Jr., and Harold Ostdahl, Individually as Members of the Board of Assessment Review of New Castle County, Appellee, Appellee Below.

No. 102, 1997.

Supreme Court of Delaware.

Submitted: Sept. 30, 1997.
Decided: Nov. 6, 1997.
Rehearing Denied Nov. 24, 1997.

Richard G. Bacon, of Richards, Layton & Finger, Wilmington, for General Motors Corporation.

Dennis J. Siebold, Wilmington, for New Castle County and Department of Finance of New Castle County.

Before WALSH, HOLLAND and BERGER, JJ.

HOLLAND, Justice:

This is an appeal by General Motors Corporation ("GMC") from a final judgment of the Superior Court. The Superior Court determined that it lacked subject matter jurisdiction and dismissed the primary appeal filed by the appellee/appellant-cross-appellee below, New Castle County and the Department of Finance of New Castle County ("the County"). In the same final judgment, the Superior Court dismissed GMC's cross-appeal. The County has not filed a cross-appeal with this Court.

This Court has concluded that the Superior Court properly dismissed the County's primary appeal. We have also concluded, however, that the cross-appeal filed by GMC should not have been dismissed. Therefore, the judgment of the Superior Court is reversed.

### Facts

GMC owns and operates an automobile assembly plant on 122 acres of land along Boxwood Road in New Castle County. In

1985, New Castle County assessed GMC's property at $45,486,300. GMC filed an appeal to the New Castle County Board of Assessment Review ("the Board") alleging that its property had been overassessed. Thereafter, GMC made significant improvements to its plant. In 1987, the County performed a supplemental assessment of GMC's property, appraising it at $82,693,000. In 1987, GMC filed an appeal to the Board challenging the supplemental appraisal.

On May 26, 1992, the Superior Court granted GMC's first mandamus action compelling the Board to schedule hearings on both of GMC's appeals. Those proceedings were consolidated. The Board conducted a hearing between October 15, 1992 and November 23, 1992. The Board approved a reduction in both the original and the supplemental assessments of the building. The land valuation did not change.

On December 23, 1992, the County appealed the ruling by the Board to the Superior Court, pursuant to 9 *Del.C.* § 8312(c), which provides:

> Any person who, after properly filing an appeal before any board of assessment or department of finance, feels aggrieved by the decision of such body may, within 30 days by postmark date after receiving notice of its decision, appeal therefrom to the Superior Court of the county in which such person resides.

9 *Del.C.* § 8312(c). On December 31, 1992, GMC filed a notice of cross-appeal pursuant to Superior Court Civil Rule 72(h).[1] The complete record of the Board hearing was not filed with the Superior Court until nearly two and one-half years had passed, and only after GMC's second mandamus action had been instituted.

On August 25, 1995, in an unrelated proceeding, another judge of the Superior Court held that the County did not have a right to appeal decisions of the Board pursuant to 9 *Del.C.* § 8312(c). *See New Castle County v. Chrysler Corp.*, Del.Super., 681 A.2d 1077 (1995), *aff'd*, Del.Supr., No. 384, 1995, Walsh, J., 1996 WL 145806 (March 8, 1996) (ORDER). The parties agreed to stay any action involving the County's challenges to the GMC property assessments until the appeal in *Chrysler* had been decided by this Court. On March 8, 1996, this Court affirmed the Superior Court's judgment. *New Castle County v. Chrysler Corp.*, Del.Supr., No. 384, 1995, Walsh, J., 1996 WL 145806 (March 8, 1996) (ORDER).

On February 5, 1997, the Superior Court dismissed the County's appeal challenging the reduction to GMC's property assessments for lack of subject matter jurisdiction. The Superior Court concluded that the viability of GMC's cross-appeal depended upon the invocation of its subject matter jurisdiction by the County's primary appeal. According to the Superior Court, GMC's timely cross-appeal became an untimely primary appeal, once the County's primary appeal was dismissed.[2] Consequently, the Superior Court dismissed GMC's cross-appeal when it dismissed the County's primary appeal.

### *Superior Court Decision*

The Superior Court concluded that this Court's decision in *Chrysler* holding that the County had no right to take an appeal from an adverse Board ruling, should be applied retroactively and, consequently, compelled the dismissal of the County's direct appeal. The Superior Court then dismissed GMC's cross-appeal. The Superior Court relied upon the *ratio decidendi* of *Ewing Holding Corp. v. Egan–Stanley Invs., Inc.*, 154 Ga. App. 493, 268 S.E.2d 733 (1980). In *Ewing*, the Georgia court held that it did not have jurisdiction over the main appeal where the appellant failed to perfect the appeal within the statutory period. *Id.* 268 S.E.2d at 736. The *Ewing* court then concluded that the

---

1. Rule 72 of the Superior Court Rules of Civil Procedure governs "[w]hen an appeal is permitted by law" and allows a party to "cross-appeal from any judgment or order from which an appeal lies to the Superior Court...." Super.Ct.Civ.R. 72(b), (h).

2. The parties disagree about the exact date when GMC received notice of the Board's decision. The two possible choices appear to be November 27, 1992 and November 30, 1992. Neither date would bring GMC's cross-appeal within the 30–day requirement for perfecting a primary appeal under 9 *Del.C.* § 8312(c).

statute required the main appeal be perfected before the court could exercise jurisdiction over any cross-appeal, and dismissed the cross-appeal. *Id.* 268 S.E.2d at 737. The Superior Court relied upon another Georgia appellate decision for the general proposition that "[i]t is only when the [primary] appeal is dismissed for lack of [subject matter] jurisdiction that a cross-appeal which does not have an independent ground for jurisdiction must also be dismissed." *First Union Nat'l Bank v. Floyd,* 198 Ga.App. 99, 400 S.E.2d 393, 395 (1990).

### Standard of Review

■ A right to appeal exists only to the extent established by statute or the Delaware Constitution. *duPont v. Family Court for New Castle County,* Del.Supr., 153 A.2d 189, 192 (1959). This Court reviews questions of law decided by the Superior Court *de novo. See Arbern–Wilmington, Inc. v. Director of Revenue,* Del.Supr., 596 A.2d 1385 (1991). The question of law in this appeal is whether a court may continue to exercise appellate jurisdiction over a cross-appeal, where a subsequent binding decision interpreting the relevant statute holds that the party who filed the primary appeal lacked standing to appeal.

### Chevron and Stoltz Retroactive Applications

The United States Supreme Court announced the following framework for determining whether a decision should be applied retroactively:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed. ... Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, we have weighed

the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of non-retroactivity.'

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted).

■ This Court adopted the *Chevron* factors in *Stoltz Management Co. v. Consumer Affairs Bd.,* Del.Supr., 616 A.2d 1205 (1992). In *Stoltz,* we stated that "[t]he presumption is in favor of giving a decision retroactive effect and the party seeking to avoid retroactive application bears the burden of persuasion." *Id.* at 1210 (citing *Juzwin v. Asbestos Corp.,* 3rd Cir., 900 F.2d 686, 693 (1990)). Furthermore, a court should deny retroactive application " 'only where on balance the weight of the three *Chevron* factors favor prospective application.' " *Id.* at 1211 (*quoting Juzwin v. Asbestos Corp.,* 900 F.2d at 693).

### The Parties' Contentions

GMC appeals from the judgment of the Superior Court dismissing its cross-appeal. GMC contends that its cross-appeal should survive the dismissal of the County's primary appeal because, on the date the County filed the primary appeal, the then extant Superior Court case law recognized the right of the County to appeal adverse decisions of the Board under Section 8312(c). *See New Castle County v. Wolfgang,* Del.Super., C.A. No. 87A–NO–8, Taylor, J., 1989 WL 40943 (April 11, 1989) (ORDER) and *New Castle County v. Chrysler Corp.,* Del.Super., 681 A.2d 1077 (1995), *aff'd,* Del.Supr., No. 384, 1995, Walsh, J., 1996 WL 145806 (March 8, 1996) (ORDER) (overruling *Wolfgang*). Moreover, GMC also argues that the question of *Chrysler's* retroactivity must be analyzed under the principles announced in *Chevron* before the jurisdictional issue over the cross-appeal, implicated by the County's right to file a primary appeal, even arises.[3] Lastly, GMC ar-

---

**3.** *Cf. James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481

(1991). *See also* Richard H. Fallon & Daniel J.

gues that the factors set forth in *Chevron* preclude a retroactive application of *Chrysler* to GMC's cross-appeal in the Superior Court.

The County did not file a cross-appeal in this Court to challenge the Superior Court's dismissal of its primary appeal. The County asserts that the Superior Court properly concluded that this Court's affirmation of *Chrysler's* holding should be applied retroactively and required dismissal of its primary appeal for lack of subject matter jurisdiction. In response to GMC's *Chevron* argument, the County contends that: first, the Superior Court applied *Chrysler* to the County's primary appeal, not to GMC's cross-appeal; and, second, assuming *Chevron* was also applied to GMC's cross-appeal, the Superior Court properly weighed the factors in favor of dismissing the cross-appeal. In addition, the County argues that the Superior Court correctly determined that GMC's cross-appeal failed to independently meet the jurisdictional requirements for taking a timely primary appeal. Consequently, the County argues that the Superior Court properly dismissed GMC's cross-appeal.

### *Jurisdiction/Standing/Mootness Primary Appeal and Cross–Appeal*

The *Chevron* arguments by both GMC and the County are premised upon the assumption that the continued viability of GMC's cross-appeal in the Superior Court was dependent upon a prospective application of *Chrysler* to the County's primary appeal. Both GMC and the County are also under the impression that, if the *Chrysler* holding is applied retroactively, the County's primary appeal to the Superior Court will become void *ab initio.* An analysis of these assumptions and impressions by both parties requires this Court to parse three related but distinct legal principles: subject matter jurisdiction; standing; and mootness.

 The primary appellate function of this Court and the Superior Court is to review and decide actual controversies. See Del. Const. art. IV, § 11; *Stroud v. Milliken Enterprises,* Del.Supr., 552 A.2d 476, 479 (1989).[4] Unlike the Superior Court, this Court does have limited jurisdiction, pursuant to the Delaware Constitution, to answer certified questions of law. Del. Const. art. IV, § 11(9). The Justices of this Court, as distinguished from the Delaware Supreme Court itself, are also authorized to render advisory opinions in certain circumstances. 10 *Del.C.* § 141. Even in those circumstances, however, the Justices do not answer questions that have become moot. *See Opinion of Justices,* Del.Supr, 653 A.2d 840 (1994).

 According to the *mootness* doctrine, although there may have been a justiciable controversy at the time the litigation was commenced, the action will be dismissed if that controversy ceases to exist. *Glazer v. Pasternak,* Del.Supr., 693 A.2d 319, 320 (1997). *Accord Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617 (1937).[5] A proceeding may become moot in one of two ways: if the legal issue in dispute is no longer amenable to a judicial resolution; or, if a party has been divested of standing. Standing is the requisite interest that must exist in the outcome of the litigation at the time the action is commenced. "The test of standing is whether: 1) there is a claim of injury-in-fact; and 2) the interest sought to be protected is arguably within the zone of interest to be protected or regulated by the statute or con-

---

Meltzer, *New Law, Non–Retroactivity, and Constitutional Remedies,* 104 HARV.L.REV. 1733 (1991).

4. The prerequisites of an "actual controversy" are: "(1) [i]t must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination." *Rollins*

*Internat'l, Inc. v. International Hydronics Corp.,* Del.Supr., 303 A.2d 660, 662–63 (1973).

5. Two recognized exceptions to the mootness doctrine are situations that are capable of repetition but evade review or matters of public importance. *See Texaco Refining and Marketing, Inc. v. Wilson,* Del.Supr., 570 A.2d 1146, 1147 (1990); *Appeal of Infotechnology, Inc.,* Del.Supr., 582 A.2d 215, 218 (1990); *McDermott v. Lewis,* Del. Supr., 531 A.2d 206, 211 (1987). *See also* Lee, *Deconstitutionalizing Justiciability: The Example of Mootness,* 105 HARV.L.REV. 605 (1992).

stitutional guarantee in question." *Gannett Co. v. State,* Del.Supr., 565 A.2d 895, 897 (1989). A party must have continued standing throughout the pendency of the action to avoid an invocation of the mootness doctrine.

"Unlike the federal courts, where standing may be subject to stated constitutional limits, state courts apply the concept of standing as a matter of self-restraint to avoid the rendering of advisory opinions...." *Stuart Kingston, Inc. v. Robinson,* Del.Supr., 596 A.2d 1378, 1382 (1991). A change in the parties' standing may result from a myriad of subsequent legal or factual causes that occur while the litigation is in progress.[6] For example, when two proceedings are pending simultaneously and each involves the same issue, a binding decision in one court will moot *that issue* in the second court. Moore's Federal Practice, Vol. 19 § 101.96. *See also* Moore's Federal Practice, Vol. 19 § 101.90; *Powder River Basin Resource Council v. Babbitt,* 10th Cir., 54 F.3d 1477, 1484–85 (1995); *Enrico's Inc. v. Rice,* 9th Cir., 730 F.2d 1250, 1253–54 (1984).

### Chrysler's Retroactive Application County Lost Standing/Primary Appeal Moot

When the County filed its primary appeal with the Superior Court, that Court had subject matter jurisdiction to hear appeals from the Board decision and, at that time, the County had standing to bring such an appeal. *Cf. Perry v. State,* Del.Supr., 575 A.2d 1154, 1156 (1990). The Superior Court properly concluded that it was bound by this Court's affirmance in *Chrysler* and that *Chrysler* should be applied retroactively to the action pending between the County and

GMC. Those determinations, however, did not divest the Superior Court of subject matter jurisdiction to hear appeals from decisions of the Board. 9 *Del.C.* § 8312(c). This Court's affirmance of *Chrysler* did, however, divest the *County* of *standing* to pursue an appeal from the Board decision. The proper disposition of the County's *primary appeal* in the Superior Court should have been a dismissal for lack of jurisdiction on the basis of mootness, as a result of the County's loss of standing, rather than a dismissal for the Superior Court's lack of subject matter jurisdiction over appeals from Board decisions.

### GMC's Cross–Appeal Properly Filed/Still Viable

A cross-appeal rests on its own jurisdictional foundation, upon the subsequent loss of *standing* by the party that filed the primary appeal, if the cross-appellant could not reasonably have known of the defect in the original appeal. *First American National Bank v. Alcorn, Inc.,* Miss.Supr., 361 So.2d 481, 493 (1978). *See Akerson v. City of Bridgeport,* 36 Conn.App. 158, 649 A.2d 796, 797–98 (1994); *First Union National Bank v. Floyd,* 198 Ga.App. 99, 400 S.E.2d 393, 394 (1990); *Schurman v. Schurman,* 188 Conn. 268, 449 A.2d 169, 170–71 (1982); *Metropolitan Atlanta Rapid Transit Authority v. Harrington, George & Dunn, P.C.,* 208 Ga.App. 736, 431 S.E.2d 730 (1993). *Compare Jones Roofing & Construction Co. v. Roberts,* 179 Ga.App. 169, 345 S.E.2d 683 (1986).[7] *But see Ewing Holding Corp. v. Egan–Stanley Invs., Inc.,* 154 Ga.App. 493,

---

**6.** *See Stearn v. Koch,* Del.Supr., 628 A.2d 44 (1993) (resignation as corporate officer and director during appeal concerning the validity of his removal); *Perry v. State,* Del.Supr., 575 A.2d 1154 (1990) (death of defendant in a criminal proceeding during a direct appeal); *Stotland v. GAF Corp.,* Del.Supr., 469 A.2d 421 (1983) (issue of demand futility mooted by subsequent demand); *Brown v. State,* Del.Supr., 453 A.2d 101 (1982) (sentence corrected during appeal); *Sannini v. Casscells,* Del.Supr., 401 A.2d 927 (1979) (real property at issue in proceeding was conveyed to a third party).

**7.** In *Alcorn,* the Supreme Court of Mississippi held that a statute dismissing cross-appeals with

original appeals does not apply where the cross-appellant is without fault or the dismissal was a result of an irregularity over which the cross-appellant had no control. In *Bridgeport,* the Appellate Court of Connecticut held that a cross-appeal is independent and viable if jurisdictionally proper. In *Floyd,* the Georgia Court of Appeals held that a cross-appeal is dismissed only when the original appeal is dismissed for lack of jurisdiction and the cross-appeal does not have an independent ground for jurisdiction. In *Roberts,* the Georgia Court of Appeals held that if the cross-appeal is dependent on the original appeal for jurisdiction, it is dismissed.

268 S.E.2d 733 (1980).[8] When the County filed its appeal in the Superior Court, it relied upon a prior Superior Court opinion construing Section 8312(c) as vesting the County with standing to appeal. *New Castle County v. Wolfgang*, Del.Supr., C.A. No. 87A–NO–8, Taylor, J., 1989 WL 40943 (April 11, 1989) (ORDER). Neither the County, nor GMC, could have reasonably anticipated that another Superior Court judge would decline to follow *Wolfgang* in *Chrysler*, or that *Wolfgang* would be overruled by this Court when we affirmed the Superior Court's judgment in *Chrysler. New Castle County v. Chrysler Corp.*, Del.Super., 681 A.2d 1077 (1995), *aff'd* Del.Supr., No. 384, 1995, Walsh, J., 1996 WL 145806 (March 8, 1996) (ORDER). Under these circumstances, the County's subsequent loss of standing can no more defeat a timely-filed cross-appeal than would any other voluntary or involuntary dismissal of what was originally a proper primary appeal.

GMC's cross-appeal properly invoked the subject matter appellate jurisdiction of the Superior Court at the time it was filed. GMC's actual controversy with the Board's decision is continuing notwithstanding the mootness of the County's primary appeal. *Cf. Stearn v. Koch*, Del.Supr., 628 A.2d 44, 46 (1993) (appeal and cross-appeal both moot). GMC's cross-appeal should not have been dismissed.

### Conclusion

The judgment of the Superior Court, dismissing GMC's cross-appeal, is reversed. This matter is remanded for further proceedings in accordance with this opinion.

---

**8.** The Superior Court relied upon *Ewing*, which appears to be an isolated exception to the other holdings cited.