IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN SMITH,[1] | § | |
| | § | No. 199, 2018 |
| Respondent-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 171-01070 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Petitioner-Below, | § | |
| Appellee. | § | |

Submitted: November 14, 2018
Decided: November 28, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 28th day of November, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)     John Smith has a long history of mental health issues.  At the time of the incident leading to his involuntary commitment Smith was under the highest level of supervision by Connections Community Re-Integration Support Program. After Smith tried to set his bedroom on fire in a group home, a New Castle County police officer took Smith to the hospital and filed for a 24-hour emergency detention. Following the 24-hour detention period, Smith was admitted to Delaware Psychiatric

---

[1] The pseudonym name was previously assigned to the appellant by the Superior Court.

Center ("DPC") and evaluated for a 48-hour provisional period. At the end of the 48-hour provisional period, the evaluating physician completed two affidavits in support of involuntary inpatient commitment and involuntary outpatient treatment. The physician noted that Smith's behavior was "severely psychotic, tangential, [and] delusional", that Smith was a "danger to himself and others," and that less restrictive means of treatment would be clinically inappropriate due to Smith's "history of noncompliance with medication which causes him to decompensate requiring hospitalization."[2]

(2)     On October 3, 2017, the State filed a complaint seeking involuntary inpatient commitment and involuntary outpatient treatment, relying on the police officer's 24-hour detention form and the DPC physician affidavits. After an October 11, 2017 probable cause hearing and later an October 18, 2017 "8-day hearing," Superior Court Commissioners ordered Smith's continued involuntary inpatient commitment and involuntary outpatient treatment.

(3)     On October 19, 2017, Smith appealed the Commissioners' October 11 and October 18 orders to the Superior Court. The Superior Court affirmed the Commissioner's orders in a fifteen-page March 28, 2018 order.[3] While the Superior Court appeal was pending, on January 30, 2018, Smith was released from

---

[2] App. to Opening Br. at A9-15.
[3] *Smith v. State*, No. CV 17I-01070, 2018 WL 1581193 (Del. Super. Ct. Mar. 28, 2018).

2

involuntary inpatient commitment to involuntary outpatient treatment on the recommendation of an examining psychiatrist at the Delaware Psychiatric Center ("DPC").[4]

(4)     On appeal of the Superior Court's March 28 order to this Court, Smith argues that the Superior Court erred by (1) incorrectly interpreting 16 Del. C.'s § 5004(a)'s "observation" requirement, (2) finding that a partially completed form was sufficient to support involuntary commitment, and (3) failing to apply specific standards to Smith's request for a continuance.  The State responds with a threshold argument that the appeal is moot because Smith is no longer involuntarily committed and he waived any objection to his involuntary outpatient treatment.

(5)     We address mootness first because a ruling in favor of the State means the appeal will be dismissed before reaching the merits.  An appeal is moot if the issue in dispute is no longer amenable to a judicial resolution or if a party has been divested of standing.[5]  Although a justiciable controversy might have existed at the time the litigation commenced, the appeal should be dismissed if that controversy ceases to exist.[6]  There is a recognized exception to the mootness doctrine when the

---

[4]  App. to Opening Br. at A48.
[5] *GMC v. New Castle County*, 701 A.2d 819, 823 (Del. 1997).
[6] *Id.*

3

appeal raises matters of public importance that are capable of repetition but evade review.[7]

(6)     We agree with the State that Smith's appeal is moot.  The challenge to Smith's inpatient commitment is moot because a Commissioner approved Smith's release from involuntary commitment on January 30, 2018.[8]  Likewise, the court-ordered involuntary outpatient treatment order has expired.[9]  Smith admits as much.[10]

(7)     This appeal is similar to *Radulski v. Delaware State Hospital*,[11] where the Court dismissed as moot an appeal from an expired commitment order.  In *Radulski*, a patient's guardian, Radulski, appealed a Superior Court order requiring a six-month involuntary commitment order for Taylor.  Although the decision involved some odd procedural facts, relevant to this case the Court decided that once the commitment order expired of its terms, the appeal was moot:

> We find that the issue presented by this appeal, i.e., the correctness of the Superior Court's involuntary commitment of Taylor, is capable of repetition. However, such repetition will not evade review

---

[7] *Id.* at 823 n.5.

[8] App. to Opening Br. at A48 (Commissioner's Discharge Order).

[9] *Id.* at A47 (Commitment Order) ("This Order by the Superior Court is effective for a period of three (3) months."); *see* 16 *Del. C.* § 5013(c) ("If the court determines that an individual meets the criteria for involuntary outpatient treatment over objection, the court shall enter an order of disposition which shall not exceed 3 months"); *see also* 16 *Del. C.* § 5011(c) ("If the court determines that an individual meets the criteria for involuntary commitment, the court shall enter an order of disposition which shall not exceed 3 months").

[10] Reply Br. at 1 ("Mr. Smith concedes that his controversy with the State over his involuntary commitment is 'no longer amenable to a judicial resolution.'").

[11] 541 A.2d 562 (Del. 1988).

if, in the future, the attorneys utilize the procedures set forth in this Court's Rules. Those Rules specifically provide for expedited proceedings:

> **Expedited Scheduling.** Upon motion for good cause shown or upon the Court's order *sua sponte,* the Court may order an expedited schedule of any or all procedures, including a shortened time for the filing of briefs and other papers, in any appeal or other proceeding.

Supr.Ct.R. 25(d). Not only did counsel fail to avail themselves of this expedited procedure, but they also sought numerous time extensions that delayed the hearing of this appeal. Indeed, the appellant's opening brief was ultimately scheduled for filing nine days after the expiration of the June 19, 1987 order. *Cf. Stotland v. GAF Corp.,* Del.Supr., 469 A.2d 421, 423 (1983) (per curiam).

We find this appeal to be moot because the order from which the appeal was taken has expired by its own terms. We also find that the situation before this Court does not require the invocation of the public-interest exception to the mootness doctrine. Any public interest in the issues presented is more than counterbalanced by Taylor's private interest in being released from the Hospital in the absence of a viable order authorizing her continued commitment.[12]

(8) Like *Radulski*, the orders requiring Smith's involuntary commitment expired by their own terms. Although *Radulski* is controlling, Smith argues that we should apply the public interest exception to mootness. According to Smith, the issue raised in the appeal—the proper interpretation of a Delaware statute—is capable of repetition but will evade review because an involuntary commitment order expires after three months, which does not allow sufficient time for full appellate review.

---

[12] *Id*. at 566.

(9) We agree with Smith that time is short, but an appeal that presents a serious challenge to a Commissioner's involuntary commitment order can be expedited by both the Superior Court and this Court. Further, Smith has not raised a serious substantive challenge to his involuntary commitment and treatment. Thus, the public interest does not weigh in his favor to decide a case that is admittedly moot.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED as moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice