# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EMILY BALDWIN,               )
                             )
        Plaintiff,           )
                             )
    v.                       )        C.A. No. N19C-03-037 MMJ
                             )
NEW CASTLE COUNTY,           )
                             )
        Defendant.           )

Submitted: January 30, 2020
Decided:  February 11, 2020

On Plaintiff's "Motion to Reconsider"
**DENIED**

## ORDER

1. By Opinion dated January 13, 2020, the Court granted Defendants' Motion to Dismiss. The Court held:

> "The Court finds that upon Plaintiff's conveyance of the Property on March 12, 2019, Plaintiff's entire interest in the Property was transferred to her daughter. All liens, including the administrative penalties and RTSC fines—which are only against property—also were transferred.  The liens are not personal liabilities of Plaintiff.  Therefore, Plaintiff does not have standing to pursue recovery of the fines and fees New Castle County issued against the Property. **THEREFORE**, Defendant's motion to dismiss Plaintiff's challenges to the fines and liens attached to the property is hereby **GRANTED**.

It is unclear whether Plaintiff had the opportunity to demonstrate *in forma pauperis* qualification. Therefore, at this motion to dismiss stage, a question remains as to whether Plaintiff exhausted her administrative remedies. Because Plaintiff may have been denied the right to proceed *in forma pauperis*, the Court cannot dismiss as a matter of law on the basis of failure to exhaust administrative remedies.

Nevertheless, viewing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has not established a *prima facie* case for breach of contract. The Building Permit does not constitute a contract. Consequently, the Stop Work Order cannot constitute breach of contract. Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). **THEREFORE**, Plaintiff's breach of contract claim is dismissed, and New Castle County's Motion to Dismiss is hereby **GRANTED**.

**The Amended Complaint is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

**IT IS SO ORDERED."**

2. Plaintiff has filed a "Motion to Reconsider." The Court will consider the Motions as if it had been properly captioned as a motion for reargument pursuant to Superior Court Civil Rule 59(e).

3. Plaintiff argues that the Court's January 13, 2020 Opinion erred as a matter of law in two ways. First, Plaintiff states that her complaint was based on a "breach of a duty of service not a breach of contract." Second, "Plaintiff's challenges to fines

and liens attached to property was filed prior to conveyance of property Plaintiff was in compliance on 4-16-2018."

4. In support of her Motion, Plaintiff lists numerous instances in which she contends that the Court based its Opinion on erroneous factual findings. However, Plaintiff does not dispute that she conveyed the Property to her daughter on March 12, 2019.

5. None of Plaintiff's arguments or factual assertions alter the Court's finding that as of the conveyance of the Property, Plaintiff lost standing to pursue relief from any claims against the Property. All liens, administrative penalties and RTSC fines are not recoverable from Plaintiff personally. A party must continue to have standing throughout the pendency of the litigation.[1] Even though this action already had commenced, by transferring all interest in the Property, Plaintiff divested herself of standing.

6. Plaintiff is not disputing the Court's ruling that she has failed to establish a *prima facie* case for breach of contract. Nevertheless, Plaintiff asserts that her claim is for "breach of duty of service." There simply is no such cause of action as breach of duty of service. Therefore, Plaintiff still has failed to establish a claim upon which relief can be granted.[2]

---

[1] *General Motors Corp. v. New Castle County.*, 701 A.2d 819, 824 (Del. 1997).

[2] Super. Ct. Civ. R. (12(b)(6).

7.  The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[3]  Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[4]  "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[5]  To the extent Plaintiff asserted issues that were not raised in the submissions in opposition to the Motion to Dismiss, new arguments may not be presented for the first time in a motion for reargument.

8.  The Court has reviewed and considered the parties' written submissions.  The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.[6]

**THEREFORE,** Defendants' Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

---

[3] *Hessler, Inc. v. Farrell,* 260 A.2d 701, 702 (Del. 1969)

[4] *Ferguson v. Vakili,* 2005 WL 628026, at *1 (Del. Super.).

[5] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

[6] *Oliver v. Boston University,* 2006 WL 4782232, at *1 (Del. Ch.).