# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES A. WILSON,            :

        PLAINTIFF,       :

            v.            :     C.A. No.: K19M-08-011 JJC

WARDEN DANA METZGER    :
and IMAM MICHAEL WATERS,  :

        DEFENDANTS.    :

Submitted: May 27, 2022
Decided: August 8, 2022

## <u>ORDER</u>

*Upon Consideration of Defendants' Motion for*
*Summary Judgment –* **GRANTED**

On this 8th day of August 2022, after considering Defendant Dana Metzger's and Defendant Michael Waters' motion for summary judgment, the written submissions of the parties, and their arguments, it appears that:

1. Plaintiff James A. Wilson was an inmate at the James T. Vaughn Correctional Center ("JTVCC") until his release on October 24, 2021. Prior to his release, Mr. Wilson filed a civil complaint against the Defendants, Warden Dana Metzger ("Warden Metzger") and Imam Michael Waters ("Imam Waters"). He alleges that they violated various First, Eighth, and Fourteenth Amendment rights available to him under the United States Constitution.

2.     In his complaint, Mr. Wilson alleges that he was incarcerated at JTVCC. During his incarceration, he contends that Warden Metzger and Imam Waters violated his First Amendment right to religious freedom by failing to provide him tailored religious services for his sect, the Nation of Islam.[1]     As to his Eighth Amendment claims, he alleges that the living conditions at JTVCC subjected him to extreme summer and winter temperatures, and that the prison water that he showered in and drank caused his skin "suffering."[2]     Lastly, he asserts that Warden Metzger violated various rights due him under the Fourteenth Amendment, but identified no specific conduct.[3]     As far as requested remedies, with a deferential review of Mr. Wilson's *pro se* complaint, the Court interprets it to seek (1) declaratory relief, and (2) compensatory and punitive damages.

3.     Before the current motion, Mr. Wilson had filed his own motion for summary judgment. The Court denied it because he failed to provide support for it. Instead, he merely reiterated the conclusory allegations in his complaint which failed to meet his initial burden for summary judgment.[4]

4.     Now, Warden Metzger and Imam Waters move for summary judgment. In their motion, they contend that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law because Mr. Wilson provides no factual support for his claims. In support of their motion, they include an affidavit from Defendant Metzger, Mr. Wilson's prison health records, Department of Correction policies that contradict some of Mr. Wilson's claims, and Mr. Wilson's grievance documentation from JTVCC. The Defendants also contend that qualified immunity bars Mr. Wilson's claims. Finally, they brief several substantive issues

---

[1] Compl. ⁋ 4-6.
[2] *Id.* ⁋ 16-18.
[3] *Id.* ⁋ 19.
[4] *See Wilson v. Metzger*, 2021 WL 2355230, at *1 (Del. Super. June 9, 2021) (denying Mr. Wilson's summary judgment motion).

that support their contention that even if the conclusory allegations in the complaint were found to be true, he has no legally recognized cause of action.

5.    In opposition to their motion, Mr. Wilson restates only the allegations from his complaint. Namely, he contends, without factual support, that Warden Metzger and Imam Waters denied him religious services tailored to his beliefs, denied him fellowship with other members of his faith, denied him access to religious study groups, and failed to provide him a minister for the Nation of Islam, Moorish Science Temple sect.[5] He further contends that the Department of Correction's policies regarding cold and heat violate the Delaware and United States Constitutions. He also contends that the Warden and Imam were aware that correctional staff violated his rights because he had filed grievances.[6]

6.    Delaware Superior Court Civil Rule 56(c) provides for summary judgment if there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. When a movant seeks summary judgment, he or she carries the initial burden to demonstrate that there are no genuine issues of material fact.[7] If the movant satisfies that burden, it shifts to the non-movant to demonstrate a factual dispute.[8] At that point, the non-movant cannot rest on mere allegations or denials.[9] Rather, the non-moving party must, by affidavit or otherwise, identify specific facts that demonstrate a material issue of fact for trial.[10] Furthermore, when considering the evidence of record, the Court will consider it in the light most favorable to the non-moving party.[11]

---

[5] Pl. Resp. to Def. Mot. for Summ., J. at 1.
[6] *Id.*
[7] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[8] *Id.*
[9] Super. Ct. Civ. R. 56(e).
[10] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[11] *Id.*

7.    To the extent that Mr. Wilson seeks declaratory relief in his complaint, those claims must be dismissed as moot.   For the Court to consider a request for a declaratory judgment, the matter must be justiciable, which means that a controversy must exist for the Court to decide.[12]   If and when a controversy ceases to exist, an action must be dismissed.[13]   In other words, "[a] party must have continued standing throughout the pendency of the action to avoid an invocation of the mootness doctrine."[14]

8.    Here, Mr. Wilson gained release from JTVCC on October 24, 2021.  As a general rule, the release or transfer of an inmate from prison moots a request for equitable or declaratory relief related to his or her incarceration.[15]   This general rule applies fully in Mr. Wilson's case.  Namely, his release from JTVCC moots his request for declaratory relief.

9.    In addition, Mr. Wilson's claims for declaratory relief are moot for another reason.  Namely, Warden Metzger is no longer the warden at JTVCC. Furthermore, Imam Waters is no longer employed with the Department of Correction.[16]   A request for a judgment that would declare rights against two individuals who no longer have the capacity to address Mr. Wilson's claims become moot on that additional basis.

10.    Although Mr. Wilson's damages claims are not necessarily moot, Warden Metzger and Imam Waters meet their initial burden on summary judgment as to those claims.  Specifically, they present the following factual support: (1)

---

[12] *General Motors Corp. v. New Castle County*, 701 A.2d 819, 823 (Del. 1997).
[13] *Id.*
[14] *Id.* at 824.
[15] *Lanza v. Moclock*, 842 Fed. Appx. 714, 717 (3d Cir. 2021); *see Cobb v. Yost*, 342 Fed. Appx. 858, 859 (3d Cir. 2009) (explaining that in general, an inmate's claim for injunctive and declaratory relief becomes moot upon his release from prison); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993) (holding that once a prisoner was released, he had no continuing interest in the prison policies that his action challenged).
[16] Def. Op. Br. Mot. for Summ. J., at 1; Def. Ex. D, Metzger Aff. ¶ 3.

Warden Metzger's affidavit that denies Mr. Wilson's allegations; (2) Mr. Wilson's medical records showing that he was treated for what were chronic health issues as opposed to some environmentally caused harm; (3) a copy of the Inmate Housing Rules permitting certain comfort items; and (4) Mr. Wilson's grievance file that included the facility's reasons for denying his request to wear outer garments to the dining hall because of legitimate penological interests.

11. Because the two defendants meet their initial burden, the burden shifts to Mr. Wilson to identify specific facts or evidence that support his right to money damages. Here, he presents no affidavit to support his claims and otherwise identifies no supportive evidence of record. Instead, he restates the complaint's conclusory allegations. Because Mr. Wilson provides no factual support for his claims, he fails to demonstrate an issue of material fact as to the *liability* of Warden Metzger or Imam Waters. He similarly fails to present any evidence of record to support that he suffered any harm based on their actions that could justify money *damages*. His failure to identify factual disputes regarding either one, liability or damages, would singularly require the Court to grant summary judgment in favor of the Defendants. It follows that where he fails as to both, summary judgment is appropriate.

12. As a final matter, the Defendants thoroughly briefed the qualified immunity issue and other issues of substantive law. Here, the Court grants summary judgment based upon its finding that Mr. Wilson's conclusory allegations do not meet his burden on summary judgment. As a result, the Court declines to address whether qualified immunity bars some or all of Mr. Wilson's claims. Likewise, the Court will not address whether his complaint would have stated a claim upon which relief could be granted if he had identified facts to support one or more of his claims.

**WHEREFORE**, for the reasons discussed above, Mr. Wilson's declaratory judgment claims are moot. Furthermore, assuming, without holding, that Mr.

Wilson's complaint had substantively stated a claim for compensatory or punitive damages, he identifies no genuine issue of material fact that could sustain an award for either. As a result, summary judgment must be **GRANTED** in Defendants' favor.

       **IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & Serve Express*
*U.S. Mail to Plaintiff James A. Wilson*