IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATHANIEL RAIFORD, | § | |
| | § | No. 190, 2025 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below–the Superior |
| | § | Court of the State of |
| v. | § | Delaware |
| | § | |
| AMY ANTHONY, Director of | § | C.A. No. N24A-11-003 |
| THE DELAWARE DIVISION OF | § | |
| MOTOR VEHICLES, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: January 20, 2026
Decided: March 24, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Nathaniel Raiford appeals from a Superior Court order affirming the Court of Common Pleas' dismissal of his case for lack of subject matter jurisdiction. This litigation began on January 5, 2024. In the early morning hours, Corporal Brian Ritchie of the Delaware State Police Department clocked Raiford's vehicle exceeding the posted speed limit. He pulled Raiford's vehicle over. While conducting the traffic stop, Corporal Ritchie began to suspect that Raiford was

driving under the influence ("DUI").[1] Corporal Ritchie administered, and Raiford failed, multiple field sobriety tests. Corporal Ritchie arrested Raiford and transported him to Delaware State Police Troop 2. Once there, Raiford took an Intoxilyzer breath test.[2] Raiford's blood alcohol concentration registered .099, exceeding the legal limit.[3] Raiford was charged with DUI.

(2) When an individual is charged with DUI, two separate proceedings follow – a criminal prosecution and a civil administrative proceeding. Although this appeal arises from Raiford's administrative proceeding, the timeline of the criminal prosecution is relevant to this appeal. Accordingly, we discuss both below.[4]

(3) After charging Raiford with DUI, Corporal Ritchie gave Raiford a copy of an "Official Notice and Order of Revocation."[5] This notice informed Raiford that the Department of Transportation Secretary sought to revoke his driving privileges – administratively through the Division of Motor Vehicles (the "Division") – for a period of three months. It also informed Raiford that he had a right to challenge the

---

[1] *Raiford v. State*, 2025 WL 816638, at *1 (Del. Super. Mar. 13, 2025), *aff'd*, 2025 WL 3707581 (Del. Dec. 22, 2025).

[2] *Id.*

[3] *Id.*

[4] App. to State's Crim. Answering Br. at B1–2 (Com. Pl. Ct. Dkt.), *Raiford v. State*, No. 153, 2025 (Del.) [hereinafter "Crim. B__"].

[5] App. to Raiford's Opening Br. at A55 [hereinafter "A__"] (Official Notice & Order of Revocation dated Jan. 5, 2024).

revocation at a hearing.[6]  Raiford, through counsel, submitted a timely request to the Division for an administrative hearing.[7]  On the day of the hearing, no one appeared except for the Hearing Officer.[8]  The Hearing Officer issued her ruling on a template form, advising Raiford that his driving privileges would be revoked for three months "based on [his] failure to appear for the hearing."[9]  Raiford's three-month revocation began on July 28, 2024.[10]  Around the same time, Raiford was found guilty of DUI after a criminal trial.[11]  Raiford's criminal sentence included, among other things, a twelve-month revocation of his driving privileges.[12]

(4)    In August 2024, Raiford filed a civil notice of appeal and a motion to stay his three-month revocation in the Court of Common Pleas.[13]  The Court of Common Pleas denied Raiford's motion to stay his license revocation.[14]  Raiford moved for re-argument.[15]  The Director of the Division, Amy Anthony (the

---

[6] *Id.*; *see also* 21 *Del. C.* § 2742(d).

[7] A58 (Req. for Admin. Hr'g dated Jan. 12, 2024).

[8] A90 (Admin. Hr'g Disposition dated July 9, 2024).

[9] *Id.*; *see also* A72 (Notice of Impending Revocation dated July 24, 2024).

[10] A71 (Official Notice of Revocation dated July 24, 2024).

[11] Crim. B152–53 (Com. Pl. Ct. Tr. dated July 25, 2024, at 150:15–151:4).

[12] *Id.*

[13] A129–30 (Notice of Appeal dated Aug. 7, 2024); A132–A136 (Mot. to Stay License Suspension dated Aug. 7, 2024).

[14] A138 (Ct. Order dated Aug. 16, 2024) (relying on 21 *Del. C.* § 2744, which states that "the appeal shall not operate as a stay of the revocation of that person's license, permit or privilege to drive").

[15] A140–44 (Mot. for Rearg. dated Aug. 21, 2024).

"Director"), responded to Raiford's appeal and motion for re-argument by filing a motion to dismiss.[16]

(5) On October 28, 2024, Raiford's three-month revocation ended.[17] Four days later, the Court of Common Pleas granted the Director's motion to dismiss Raiford's civil appeal.[18] The Superior Court affirmed the dismissal of Raiford's civil appeal, and he appealed to this Court.[19] At the same time, the Superior Court affirmed Raiford's criminal conviction and Raiford again appealed to this Court.[20]

(6) On July 25, 2025, Raiford's twelve-month revocation ended. This Court affirmed Raiford's criminal conviction on December 22, 2025.[21] Because affirming Raiford's criminal conviction resulted in a revocation notation on his driving record, we requested that the parties file supplemental memoranda to address whether Raiford's civil appeal was moot.[22]

(7) After reviewing the supplemental memoranda, we agree with the State that Raiford's appeal is moot. "According to the mootness doctrine, although there

---

[16] A44–53 (Mot. to Dismiss & Resp. in Opp'n to Mot. for Rearg. dated Aug. 23, 2024).

[17] It is unclear from the record whether, after the three-month revocation ended, Raiford completed the necessary requirements to reinstate his driving privileges.

[18] *Raiford v. Anthony*, 2024 WL 4647889, at *2–3 & n.16 (Del. Com. Pl. Nov. 1, 2024).

[19] *Raiford v. Anthony*, 2025 WL 991111, at *2 (Del. Super. Apr. 2, 2025).

[20] *Raiford*, 2025 WL 816638, at *4; Notice of Appeal, *Raiford v. State*, 153, 2025 (Apr. 11, 2025), Dkt. No. 1.

[21] *Raiford v. State*, 2025 WL 3707581, at *1 (Del. Dec. 22, 2025).

[22] Ct. Letter to Pet'r & Resp't (Jan. 6, 2026).

may have been a justiciable controversy at the time the litigation was commenced, the action will be dismissed if that controversy ceases to exist."[23] "A controversy may become moot either [1] because a party has lost standing to assert its merits or [2] because the dispute is no longer amenable to judicial resolution."[24] Because neither party disputes that Raiford retains standing, we turn to the second basis for mootness.

(8) Raiford's civil appeal is moot as it is "no longer amenable to judicial resolution"[25] because the "grant of relief 'cannot have any practical effect on the existing controversy.'"[26] The best relief that Raiford could achieve in this case is the reversal of his three-month revocation. This relief would have no "practical effect" because the three-month revocation ended in October 2024. And even if we required the removal of the civil revocation notation from Raiford's Delaware driving record, the criminal revocation notation for his DUI remains.

---

[23] *Gen. Motors Corp. v. New Castle Cnty.*, 701 A.2d 819, 823 (Del. 1997).

[24] *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 582 (Del. 2002).

[25] *Id.*

[26] *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 435 (Del. Ch. 2007) (quoting *The Library, Inc. v. AFG Enters., Inc.*, 1998 WL 474159, at *2 (Del. Ch. July 27, 1998)).

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED as moot.[27]

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[27] Although we find this matter moot today, we note that the Division's legal interpretation of § 2742(d) and (f) gives us pause. A State agency's interpretation of a statute it enforces is only afforded judicial deference when it is "reasonable" and does "not contradict the plain language of the statute." *Wilson v. Gingerich Concrete & Masonry*, 285 A.3d 445, 455 (Del. 2022) (citation omitted). The plain language of subsections (d) and (f) does not indicate that a petitioner implicitly withdraws his or her timely request for a DMV hearing when the petitioner fails to appear for the hearing. Indeed, there is no subsection in § 2742 – or § 2744 for that matter – that supports the Division's interpretation.