**Martin GRAHAM and Ada Graham, Plaintiffs,**

v.

**NATIONWIDE INSURANCE COMPANY, Defendant.**

Superior Court of Delaware, Sussex County.

Submitted Nov. 9, 1981.

Decided Feb. 8, 1982.

Robert C. Wolhar, Jr., Georgetown, for plaintiffs.

Mason E. Turner, Jr., Wilmington, for defendant.

WRIGHT, Judge.

This is an action brought by the plaintiffs for no-fault insurance benefits pursuant to 21 *Del.C.* Sec. 2118.

Plaintiff, Ada Graham, is a self-employed deliverer of the Delaware State News and has been for twelve years. On October 30, 1978 she was involved in an automobile accident. As a result of injuries sustained in the accident plaintiff missed sixteen weeks of work and at different times, hired two helpers to deliver the newspapers for her.

Defendant has paid all medical bills submitted to it by plaintiff which were incurred within two years of the accident. It contends, however, that it is not obligated pay for any medical expenses incurred after October 30, 1980. Plaintiff, however, argues that under 21 *Del.C.* Sec. 2118(a)(2) a defendant is liable for plaintiff's future medical expenses. Plaintiff also contends, and defendant denies, that defendant is liable for lost earnings sustained by plaintiff.

In order to resolve the issue of defendant's liability for plaintiff's medical expenses incurred after October 30, 1980, it is necessary to consider 21 *Del.C.* Sec. 2118(a)(2) a.3. That section provides in pertinent part:

(a) No owner of a motor vehicle registered in this State ... shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:

. . . . .

(2) a.3. Cost of dental or surgical procedures, medical expenses including related treatment and the net amount of lost earnings, the necessity of which have been medically ascertained within 2 years from the date of the accident but which are impractical or impossible to perform during that period and as to which verification that such procedures or treatments will be necessary has been made in writing by a qualified medical practitioner within 2 years from the date of the accident. The payment of this cost shall be either at the time they are ascertained or at the time they are actually incurred, at the insurer's option.

This statutory provision has already been considered by the Superior Court in *Carucci v. Van Dyke*, Del.Super., 394 A.2d 246 (1978). In that case the Court interpreted the language of Sec. 2118(a)(2) a.3. to set

forth three factors which must be present in order to establish the liability of the insurer. These factors are: (1) ascertainment of the necessity of incurring medical expenses before expiration of the two year period, (2) impracticality or impossibility of performing the procedures or treatment within the two year period and (3) written verification within the two year period that the procedures or treatment will be necessary.

In the present action plaintiff relies on a written statement dated October 29, 1980 and signed by Dr. Italo Monteleone. This statement indicated Dr. Monteleone's belief that plaintiff necessarily would incur further medical expenses after October 30, 1980, which were impractical or impossible to perform prior to that date.

Defendant contends that this written verification is not sufficiently precise to require defendant to provide benefits for medical expenses incurred by plaintiff more than two years after the accident. I cannot agree. In reviewing the statutory requirements found in 21 *Del.C.* Sec. 2118(a)(2) a.3. and plainly spelled out in *Carucci*, it is clear that the letter signed by Dr. Monteleone is sufficient to impose liability on defendant for those medical expenses incurred after October 30, 1980. The letter clearly states that plaintiff will necessarily incur further medical expenses, that it is impractical or impossible to perform the necessary procedures or treatment prior to October 30, 1980, and that the letter itself constitutes written verification, within the two year period, that such procedures or treatment will be necessary.

Defendant misinterprets the statute when it contends that the cost of any medical procedures or treatment must be ascertained within two years of the date of the accident. Clearly, it is the necessity of the medical expenses which must be ascertained and not their costs. Furthermore, as plaintiff correctly points out, the last sentence of Sec. 2118(a)(2) a.3. which permits the insurer to make payment either at the time the cost is ascertained or when the expense is incurred simply provides the insurer with an option as to when to pay the medical expenses once they are ascertained. The option, obviously, is only applicable if the costs are ascertained before actually being incurred. Since, in the present action, the medical expenses are impossible to ascertain defendant has no option and must pay the costs when incurred.

On the issue of the amounts paid by plaintiff to her helpers during the two year period following the accident, plaintiff no longer contends that defendant is liable for that sum pursuant to Sec. 2118(a)(2) a.4. She does, however, argue that the amount paid the helpers constitutes lost earnings and that defendant is therefore liable for that amount under Sec. 2118(a)(2) a.2. Plaintiff cites *U. S. Fidelity and Guaranty Company v. Neighbors*, Del.Supr., 421 A.2d 888 (1980) as support for this contention. There the Court held inter alia that loss of the periodic draws of a self-employed person killed in an accident were compensable under 21 *Del.C.* Sec. 2118(a)(2) as lost earnings, and hence were recoverable from decedent's no-fault carrier where the basic draw was ascertainable so as to represent a predictable income.

The present case is clearly distinguishable from *Neighbors*. Here the earnings of plaintiff are anything but clear. Her profits have fluctuated significantly over the past several years even doubling the year following the accident. There is nothing in this case which could compare to the periodic base minimum draws in *Neighbors* so as to represent a predictable income sufficient to determine lost earnings. Additionally, no evidence has been presented that sets forth the amounts of money paid by plaintiff to her helpers. Thus, plaintiff has failed to establish a basis by which she can be compensated for lost earnings under Sec. 2118(a)(2) a.2.

In conclusion, I find that on the issue of medical expenses incurred by plaintiff more than two years after the accident, plaintiff's motion for summary judgment should be granted and defendant's motion denied. On the issue of plaintiff's claim of lost earnings, defendant's motion for summary

judgment should be granted and plaintiff's motion denied.

IT IS SO ORDERED.