NATIONWIDE INSURANCE COMPANY, Defendant Below, Appellant,

v.

Martin GRAHAM and Ada Graham, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Submitted: May 27, 1982.
Decided: Sept. 30, 1982.

Mason E. Turner, Jr. (argued), Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant-appellant.

Robert C. Wolhar, Jr. (argued), Wolhar & Moore, Georgetown, for plaintiffs-appellees.

Before HERRMANN, C.J., McNEILLY and QUILLEN, JJ.

McNEILLY, Justice:

This appeal and cross-appeal concerns construction of 21 *Del.C.* § 2118(a)(2)[1] Delaware's no-fault insurance law, and an automobile insurance policy's no-fault coverage benefits. There are two issues presented for our consideration. (1) Whether 21 *Del.C.* § 2118(a)(2)a.3. requires an insurer to pay routine, recurring medical expenses for a period of time more than two years after an automobile accident where the costs of such treatment cannot be ascertained, and (2) whether appellee under the circumstances presented is entitled to compensation for lost earnings pursuant to 21 *Del.C.* § 2118(a)(2)a.2.

**I**

On October 30, 1978, appellee Ada Graham was involved in an automobile accident. As a result of injuries sustained in the accident appellee missed sixteen weeks of work as a self-employed deliverer of the Delaware State News and incurred various medical bills.

It is undisputed that at the time of the accident appellee was insured by appellant under an automobile insurance policy complying with the provisions of 21 *Del.C.* § 2118. Prior to October 30, 1980 appellee submitted to appellant a statement signed by her physician, Doctor Italo Monteteone. In essence, the statement asserted that it would be necessary for appellee to incur further costs of surgical procedures and medical expenses including related treatments which were impractical or impossible to perform by October 30, 1980. The statement concluded that the costs of these treatments were impossible to estimate in that they depended on the appellee's response to therapy.

While appellant paid all medical bills submitted by appellee which were incurred prior to October 30, 1980, it has refused to pay for medical expenses incurred after this date. Additionally, appellant has denied all liability for any lost wages suffered by appellee.

**II**

As to whether 21 *Del.C.* § 2118(a)(2)a.3. requires an insurer to pay routine, recur-

---

1. § 2118 in its pertinent parts reads:
   (a) No owner of a motor vehicle registered in this State, other than a self-insurer pursuant to § 2904 of this title, shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:
   (2)a. Compensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident for:
   2. Net amount of lost earnings.
   3. Cost of dental or surgical procedures, medical expenses including related treatment and the net amount of lost earnings, the necessity of which have been medically ascertained within 2 years from the date of the accident but which are impractical or impossible to perform during that period and as to which verification that such procedures or treatments will be necessary has been made in writing by a qualified medical practitioner within 2 years from the date of the accident. The payment of this cost shall be either at the time they are ascertained or at the time they are actually incurred, at the insurer's option.

ring medical expenses for a period of time more than two years after an accident where the costs of such treatment could not be ascertained, the Court below found that it did. 444 A.2d 286. The Court ruled that the statement by Dr. Monteleone complied with the decision in *Carucci v. Van Dyke,* Del.Super., 394 A.2d 246 (1978) and that it is only the necessity of medical expenses which must be ascertained and not their costs. We affirm.[2]

In *Carucci* it was held that in order for an insurer to be liable under § 2118(a)(2)a.3. all of the limiting factors stated in subparagraph 3 must be fulfilled, namely, "(1) ascertainment of necessity before expiration of the 2-year period; (2) impracticability or impossibility of performing the procedures or treatments within the 2-year period; and (3) written verification within the 2-year period that the procedures or treatment will be necessary." 394 A.2d at 248.

At issue in the instant case is the first factor. Appellant would have us construe this factor to require that the cost of any medical procedures in .treatment must be ascertained within two years of the date of the accident. It is appellant's contention that it is not obligated to pay the costs after October 30, 1980 in that the statement by Dr. Monteleone failed to ascertain the costs of medical treatments or procedures within two years of the date of the accident.

■ Any interpretation of the statute must give full effect to all of the pertinent statutory language and produce the most consistent and harmonious result under the wording of the section. *Martin v. American Potash & Chemical Corp.,* Del.Supr., 33 Del.Ch. 234, 92 A.2d 295 (1952); *Nationwide Mutual Insurance Co. v. Krongold,* Del. Supr., 318 A.2d 606 (1974). The only interpretation which conforms to these canons of statutory construction is one which finds that what must be ascertained within two years is the necessity of the medical expenses and not their costs.

■ A review of the statutory language reveals that the phrase "necessity of which have been medically ascertained" modifies "dental or surgical procedures, medical expenses including related treatment" and does not modify the word "cost".

This conclusion is buttressed by the last sentence of § 2118(a)(2)a.3. which permits the insurer to make payment either at the time the cost is ascertained or when the expense is incurred. This language does not require that costs be ascertained within the two year period and it contemplates that the insurer may pay the costs at the time they are ascertained, whether during the two year period or thereafter or when they are actually incurred. If appellant's construction was adopted, the statute would require the insurer to pay within two years and it would eliminate the insurer's option of waiting until the costs are actually incurred. This is clearly at odds with the statute.

Appellant next contends that § 2118(a)(2)a.3. does not include "routine, recurring medical expenses." This interpretation is contrary to the plain statutory language. As Judge Stiftel stated in *Kemske v. Ohio Casualty Insurance Company,* Del.Super., C.A. 80C–MY–4 (June 18, 1981) (unreported), this contention is without merit:

"... § 2118(a)(2)a.3. states that it covers "dental and surgical procedures, medical expenses including related treatment and the net amount of lost earnings...". Worded in the conjunctive, 21 *Del.C.* § 2118(a)(2)a.3. clearly set off medical expenses as an item separate from dental and surgical procedures. This conclusion is further supported by the fact that 21 *Del.C.* § 2118(a)(2)a.3. requires "verification that such *procedures or treatments* will be necessary has been made in writing by a qualified medical practitioner...". Thus, the language of the statute clearly indicates items other than

**2.** During the pendency of this appeal the General Assembly amended 21 *Del.C.* § 2118. Hence the precedential effect of this decision is limited up until July 21, 1982, the effective date of the amendments to Section 2118.

dental or surgical *procedures* will be compensated for beyond the two year period. Where the intention of the statute is apparent from the fact of the statute, there is no room for construction."

For the reasons stated above, we approve the Trial Court's ruling that the appellee is entitled to medical expenses incurred by appellee more than two years after the accident.

### III

 The remaining issue raised by cross-appeal is whether appellee under the circumstances presented is entitled to compensation for lost earnings pursuant to § 2118(a)(2)a.2.

At trial, appellee argued that money she paid to helpers to deliver her papers constituted lost earnings, and that the appellant is liable for that sum pursuant to § 2118(a)(2)a.2. The Court below ruled otherwise stating that there was no evidence showing a predictable income sufficient to determine lost earnings and there was no evidence presented that set forth the amount of money paid by appellee to her helpers. Appellant now claims that her loss was strictly one of net loss of earnings which is compensable under this Court's decision in *U.S.F. & G. Co. v. Neighbors,* Del.Supr., 421 A.2d 888 (1980).

Appellee's argument must fall. In *Neighbors* we held that in order for a self-employed person to recover lost earnings under § 2118(a)(2)a.2. a basic draw must be ascertainable so as to represent a predictable income.

In reviewing the record the Trial Court found that not only had the appellee failed to establish any base minimum due which represented predictable income, but the record indicates that appellee had widely fluctuating profits which had increased dramatically in the year following the accident. Given this record we cannot say that the Trial Court abused its discretion in concluding that appellee had failed to establish a basis by which she could be compensated for lost earnings pursuant to § 2118(a)(2)a.2.

AFFIRMED.