INDUSTRIAL RENTALS, INC., Isaac Budovitch and Florence Budovitch, Appellants Below, Appellants,

v.

NEW CASTLE COUNTY BOARD OF ADJUSTMENT and New Castle County Department of Land Use, Appellees Below, Appellees.

No. 233, 2000.

Supreme Court of Delaware.

Submitted: April 10, 2001.
Decided: July 17, 2001.
Revised: July 25, 2001.

William E. Manning, Esquire and Richard A. Forsten, Esquire, of Klett Rooney Lieber & Schorling, Wilmington, Delaware, Attorneys for Appellants.

Wendy R. Danner, Esquire, New Castle County Law Department, Wilmington, Delaware, Attorney for Appellees.

Before HOLLAND, BERGER and STEELE, Justices.

BERGER, Justice.

This is a developer's appeal from a decision of the New Castle County Board of Adjustment requiring that certain neighboring property be included in a Traffic Impact Study. The Board ruled that the neighboring property had to be included because it contained deed restrictions requiring development to coincide with road improvements. The Superior Court affirmed. We hold that the relevant statute does not apply to a property containing deed restrictions after the traffic improvements called for in the deed restrictions have been completed. Accordingly, we reverse.

## I. Factual and Procedural Background

Isaac and Florence Budovitch and their wholly-owned company, Industrial Rentals, Inc. (collectively the Budovitches) own approximately 44 acres of land across Route 7 from the Christiana Mall. They have been trying to develop the land for many years, and their most recently submitted plan calls for an auto dealership, two hotels and a restaurant. In an effort to have their property rezoned and to obtain approval for their development plan, the Budovitches were required to submit a traffic impact study (TIS) showing that the proposed use will meet or exceed specified minimum levels of service. The TIS includes analysis of the peak hour traffic to be generated by the proposed project as well as peak hour traffic from other existing or proposed projects in the area.

In May 1999, the New Castle County Department of Land Use (Department) designated the surrounding property and roads to be included in the Budovitches' TIS. The Department included in the scope of the TIS certain unapproved and unbuilt projects on neighboring land known as the Acierno/Marta property. It did so because the Acierno/Marta projects, which call for more than 1.5 million square feet of commercial and office space plus 500 residential units, contain deed restrictions requiring phasing to coincide with transportation improvements. The Budovitches objected to the inclusion of the Acierno/Marta property in the TIS because the transportation improvements in the deed restrictions were completed by 1988. The New Castle County Board of Adjustment affirmed the Department's decision and the Superior Court affirmed the Board.

## II. Discussion

■ The New Castle County Uniform Development Code sets the standards for Traffic Impact Studies. Section 11.130(A)(7) provides, in relevant part:

A. [The] traffic impact study shall ... include ...:

7. Future traffic ... projected by the inclusion of trip generation from projects with preliminary plan approval, projects having had a zoning change approved within a three (3) year prior period, and projects containing deed restrictions requiring phasing to coincide with improvements to the transportation system....

The sole issue is whether the Acierno/Marta projects fall within the category of "projects containing deed restrictions requiring phasing...."

In 1982, when a Declaration governing the Acierno/Marta property was recorded, it contained deed restrictions requiring phasing. The Declaration provides that no building permits would be issued before the Delaware State Division of Highways accepted contracts for the construction of what was then called "the new Route 7 between I–95 and Route 273." The Declaration also ties the issuance of certificates of occupancy to the 1987–88 anticipated completion dates for segments of the Route 7 improvement project. It is undisputed that all of the road improvements referred to in the Acierno/Marta Declaration were completed in 1988. Moreover, to the extent that traffic generated by the future development of the Acierno/Marta property will require additional road improvements, the State of Delaware has committed to design and construct those improvements at its own expense "to accommodate 100% of the development allowed under the [Acierno/Marta] Declaration."[1]

1. October 1, 1992 Agreement of Settlement, Appellants' Appendix, A–75–76. *See also*

The County apparently acknowledges that the Acierno/Marta deed restrictions requiring phasing have been satisfied and no longer restrict the property. As the County reads the statute, however, that fact is irrelevant. UDC § 11.130(A)(7) requires inclusion of all projects "containing" deed restrictions and the word "contain" means only "to have within." [2] Relying on this definition, the County argues that the statute unambiguously requires inclusion of all projects with deed restrictions, regardless of whether those deed restrictions continue to restrict the land.

 We disagree. Statutes must be read as a whole and all the words must be given effect.[3] The word "restriction" means "a limitation (esp. in a deed) placed on the use or enjoyment of property." [4] If a deed restriction has been satisfied, and no longer limits the use or enjoyment of the property, then it no longer is a deed restriction—even though the paper on which it was written remains. Thus, the phrase "projects containing deed restrictions requiring phasing...," in Section 11.130(A)(7) means presently existing deed restrictions. As of June 1988, the Acierno/Marta Declaration contained no remaining deed restrictions requiring phasing to coincide with improvements to the transportation system. As a result, the Acierno/Marta projects should not have been included in the scope of the Budovitches' TIS.

We reach this conclusion based on the plain language of the statute, which we find to be unambiguous. Although it is not essential to our holding, we also note the State's undertaking to address the traffic generated by the Acierno/Marta projects.

That commitment should alleviate the County's concern about the eventual development of the Acierno/Marta property and how that development will affect other projects.

### III. Conclusion

Based on the foregoing, the decision of the Superior Court is reversed and remanded for entry of an order reversing the County's determination as to the scope of the Budovitches' TIS.

---

*Acierno v. State,* Del.Supr., 643 A.2d 1328, 1334 (1994).

**2.** Webster's Collegiate Dictionary 249 (10th ed.1993).

**3.** *Nationwide Insurance Co. v. Graham,* Del. Supr., 451 A.2d 832, 834 (1982).

**4.** Blacks Law Dictionary 1316 (7th ed.1998).