## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

MARK DESANTIS,            )
                             )
       Plaintiff,          )
                             )
      v.                  )      C.A. No: N15C-01-164 ALR
                             )
                             )
DONEGAL MUTUAL INSURANCE   )
COMPANY,             )
                             )
       Defendant.     )

Submitted: June 15, 2015
Decided: July 22, 2015

### *Upon Plaintiff's Motion in Limine – GRANTED*

### MEMORANDUM OPINION

Kenneth M. Roseman, Esquire, KENNETH ROSEMAN, P.A., Attorney for
Plaintiff.

Colin M. Shalk, Esquire, CASARINO CHRISTMAN SHALK RANSOM &
DOSS, P.A., Attorney for Defendant.

**Rocanelli, J.**

This matter is before the Court on Plaintiff's motion in limine to determine the net loss of earnings of a sole proprietor under 21 Del. C. § 2118 ("Section 2118"). Plaintiff, Mark DeSantis, was in a motor vehicle collision on October 17, 2014. At the time of the collision, Plaintiff was insured under an insurance policy issued by Defendant, Donegal Mutual Insurance Company ("Policy") which provided PIP coverage to Plaintiff in compliance with Section 2118. Also at the time of the collision, Plaintiff was self-employed as the sole proprietor of a construction business, Quartz Mill Contracting. Plaintiff was unable to work following his accident and sought to recover his earnings. Plaintiff filed the underlying Complaint on January 21, 2015 alleging that Defendant failed to reimburse Plaintiff for net loss of earnings and that Plaintiff was entitled to these PIP damages pursuant to Section 2118.

In support of his claim for earnings, during discovery, Plaintiff produced nine checks drawn on the account of Quartz Mill Contracting and made out to "cash" for the period from January 8, 2014 to November 13, 2014. Thereafter, the parties stipulated that Defendant would pay Plaintiff $370.72 per week but Plaintiff reserved the right to challenge that $370.72 per week was the correct calculation for Plaintiff's net loss of earnings. Accordingly, Plaintiff filed the pending Motion in Limine requesting a Court ruling on the correct calculation for Plaintiff's net loss of earnings.

Plaintiff contends that his net loss of earnings should be calculated by deducting the business expenses necessary for the production of gross income from the gross income of his sole-proprietorship. Under Plaintiff's method of calculation, Plaintiff is entitled to net weekly earnings of $955.39. In contrast, Defendant maintains that the correct method of calculation for Plaintiff's net loss of earnings is the net amount of the nine draws which represent regular and predictable income. Under Defendant's method of calculation, Plaintiff is entitled to net weekly earnings of $370.72.

## DECISIONAL AND STATUTORY LAW

Prior to a statutory amendment in 1982, Section 2118 provided that an insured could recover "net amount of lost earnings."[1] Courts interpreting this language denied recovery to self-employed plaintiffs due to the "complex and controversial" problems connected to "proof of damages by a self-employed person."[2] In particular, courts denying or limiting recovery to self-employed plaintiffs expressed concern about confusing business profits with net loss of earnings, considered to be wages or salary.[3] In 1980, the Delaware Supreme Court

---

[1] 21 *Del. C*. §2118 (pre-1982 amendment).

[2] *U.S. Fidelity and Guaranty Insurance Co. v. Neighbors*, 421 A.2d 888, 889–890 (Del. 1980) (quoting *Downs v. Lumbermens Mutual Casualty Co*., C.A. No. 442 (Del. Super. May 25, 1976)).

[3] *Id.* (discussing *Downs*, C.A. No. 442 (Del. Super. May 25, 1976) which denied recovery to a self-employed plaintiff over concerns that recovery would be awarding business profits and *Klaus v. Nationwide*, C.A. No. 287 (Del. Super. 1976) which denied recovery to a self-employed plaintiff based on his lost income from his farming business).

held in *U.S. Fidelity and Guaranty Insurance Co. v. Neighbors* that a self-employed plaintiff could recover net loss of earnings only when he or she had made periodic draws sufficient to represent ascertainable and predictable income.[4] Specifically, the *Neighbors* Court ruled that net loss of earnings based on periodic draws was more similar to salary than to profits and, as such, was recoverable under Section 2118.[5]

The Delaware legislature clearly disagreed with the Court's reading of Section 2118 as to self-employed persons in *Neighbors* and expressed this disagreement by amending Section 2118 in 1982 to provide: "Lost earnings shall include net lost earnings of a self-employed person."[6]

In the meantime, the Court addressed the issue again in *Graham v. Nationwide* holding that "in order for a self-employed person to recover [net] lost earnings under § 2118(a)(2)a.2 a basic draw must be ascertainable so as to represent a predictable income."[7] However, acknowledging the statutory change, the *Graham* Court limited the precedential effect of its decision to the date of the 1982 statutory amendment.[8]

The Superior Court interpreted the 1982 statutory amendment in *Jopson v. Commercial Union Ins. Co.*, holding that "the [statutory] amendment to [Section]

---

[4] 421 A.2d at 890.
[5] *Id.*
[6] 21 *Del. C.* § 2118.
[7] 451 A.2d 832, 835 (Del. 1982).
[8] *Graham*, 451 A.2d at 834 n.2.

2118 eliminates the requirement that self-employed persons prove an ascertainable basic draw in order to recover lost earnings under the no fault statute." [9] Nevertheless, as the Superior Court noted in another case, "the Court is still 'guided by the principle that the claim for lost net earnings must be supported by evidence of predictable income.'"[10] In yet another case, the Superior Court held that the "phrase 'net amount of lost earnings' in Section 2118 . . . is broader than the term 'wages' and . . . is not synonymous with it."[11] Thus, the decisional law subsequent to the 1982 statutory amendment to Section 2118 establishes that, to recover net loss of earnings, a self-employed plaintiff need only establish predictable income, not necessarily specific wages or salary.[12]

---

[9] 1985 Del. Super. LEXIS 1388, at *4 (Del. Super. Nov. 6, 1985).

[10] *Stevens v. Pennsylvania Mfrs. Ass'n Ins. Co*., 1987 WL 16735 (Del. Super. Aug. 10, 1987) (quoting *Hall v. Mason & Dixon Lines, Inc*., C.A. No. 81C-JL-75, (Del. Super. November 22, 1983)).

[11] *Crum & Forster Ins. Grp. v. Wright*, 634 A.2d 373, 377 (Del. 1993).

[12] The Court notes that the most recent opinion on the issue of predictability in calculating net amount of lost earnings is *State Farm Mut. Auto. Ins. Co. v. Girgis*, 2010 WL 1077846 (Del. Super. March 9, 2010). In *Girgis*, relying on the higher Court's decision in *Neighbors,* the Superior Court denied recovery to the self-employed plaintiff because she had not taken periodic draws from her day-care center sufficient to represent predictable income. Moreover, *Girgis* is distinguishable on its facts from the present case. The plaintiff in *Girgis* sought a $20,000 monthly earning based on the net income of her day-care business as she claimed was established by her tax returns. However, the plaintiff's requested amount was not consistent with any figures provided in her tax return which indicated, for example, that she had only earned $2,638.00 in profits for an entire year. Thus, unlike the Plaintiff in the case before this Court, the plaintiff in *Girgis* did not request an amount which was consistent with her tax returns and, therefore, did not establish predictable earnings. More importantly, *Girgis* relied on *Neighbors*, which was explicitly overruled by the 1982 amendment to 21 Del. C. § 2118.

4

**DISCUSSION**

A self-employed plaintiff must meet the standard of predictability in the calculation of his or her net loss of earnings in order to receive PIP damages under Section 2118. The 1982 amendment serves to "put self-employed persons on equal footing with those who work for others."[13] Therefore, as long as the calculation is predictable, a self-employed plaintiff is entitled to that predictable amount as net loss of earnings.

In *In re Kapsalis v. State Farm Mut. Ins. Co.*, the Superior Court provided an alternative method of calculation for net lost earnings other than that based on periodic draws. The Court stated that the net loss of earnings of a self-employed person "is generally computed by looking at the gross income and deducting only such business expenses that would be necessary to the production of that income."[14] This method of calculation satisfies the predictability standard required by Delaware statutory and decisional law. Indeed, net loss of earnings can be readily ascertained through the tax returns of a self-employed plaintiff and may more accurately represent the true measure of lost earnings. This is because self-employed plaintiffs may not take regular draws that can be compared to a wage or salary. Alternatively, self-employed plaintiffs may take occasional partial draws

---

[13] *In re Kapsalis v. State Farm Mut. Ins. Co.*, No. 95C-05-079-WTQ, 1997 WL 529590, at *1 (Del. Super. Apr. 30, 1997).
[14] *Id.*

which are not reflective of the true sum of lost earnings. Thus, allowing a self-employed plaintiff to recover net loss of earnings based on his or her gross income less necessary business expenses is consistent with the 1982 amendment's goal of placing self-employed persons on equal footing with those employed by others.[15]

Here, Plaintiff was self-employed at the time of his accident. In order to recover, he must establish a calculation of net loss of earnings which is predictable. While the nine draws Plaintiff made from January 2014 to November 2014 could represent predictable income and provide a basis for recovery, Plaintiff is not required to prove periodic draws in order to recover net loss of earnings.[16] Plaintiff contends that the nine draws he made were only partial draws which do not reflect the actual amount of his lost earnings. Plaintiff argues that his net loss of earnings should instead be calculated by subtracting the necessary business expenses from his gross income as provided in his 2014 tax return. As discussed, the Court finds that this method of calculation satisfies the predictability standard and better reflects Plaintiff's true measure of lost earnings. Therefore, Plaintiff is entitled to net weekly earnings of $955.39 as PIP benefits.

---

[15] *Id.*

[16] *See Jopson*, 1985 Del. Super. LEXIS 1388, at *4.

## CONCLUSION

Plaintiff is entitled to PIP damages calculated according to his gross income less necessary business expenses. Accordingly, Defendant is required to pay Plaintiff net weekly earnings of $955.39 which reflects Plaintiff's predictable net loss of earnings as required by Delaware law.

**NOW, THEREFORE, on this 22nd day of July, 2015, Defendant's Motion in Limine is hereby GRANTED. Plaintiff is entitled to PIP benefits calculating his gross income less all itemized expenses, except depreciation.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**