Marvin John COBB, Appellant

v.

Warden John YOST.

No. 09–2020.

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Summary Action

Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 July 31, 2009.

Filed Aug. 21, 2009.

Marvin J. Cobb, Valley Stream, NY, pro se.

Robert L. Eberhardt, Esq., Megan E. Farrell, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Marvin John Cobb sued the warden of F.C.I. Loretto, seeking injunctive and declaratory relief based on claims of inadequate medical treatment and deliberate indifference to serious medical needs.[1] Specifically, he requested a declaratory judgment that his rights under the Fifth and Eighth Amendments, as well as various federal statutes, were violated, and an injunction that he be prescribed Percocet and Clonazepem while in prison. He also sought a temporary release for medical treatment.

---

1. Although Cobb styled his complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the District Court properly characterized it as a civil suit about prison conditions.

While his case was pending (and before his complaint was served on the defendant), Cobb was released from custody. The defendant filed a suggestion of mootness, to which Cobb objected (with his objections, he also brought to the District Court's attention a dispute about the payment of a medical bill). The Magistrate Judge recommended dismissing Cobb's complaint as moot. Cobb responded, arguing that his case was not moot because he might return to prison. The District Court adopted the Magistrate Judge's opinion and construed the suggestion of mootness as a motion to dismiss the complaint and granted it. Cobb appeals.

We will summarily affirm because no substantial question is presented on appeal. *See* L.A.R. 27.4; I.O.P. 10.6. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order. *See Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000).

■ As the District Court concluded, Cobb's case was mooted by his release from prison. A federal court does not have the power to decide moot questions. *See North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Article III requires a live case or controversy throughout the entire litigation; if no live controversy exists, the court must dismiss the case for lack of jurisdiction. *See Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3d Cir.1992). In general, an inmate's claim for injunctive and declaratory relief becomes moot on his release from prison. *See Sutton v. Rasheed,* 323 F.3d 236, 248 (3d Cir.2003); *Abdul–Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir.1993) (holding that once a prisoner was released, he could

have no continuing interest in the prison policies he was challenging).

■ As the District Court concluded, with Cobb out of prison, it takes little analysis to conclude that Cobb's request for injunctive relief (for a medical release and for medications in prison) is moot. Whether his request for declaratory relief is moot takes a little more analysis. The answer depends on whether his case presents a question "capable of repetition yet evading review." *Abdul–Akbar,* 4 F.3d at 206. We conclude that his case does not fall within the narrow limits of the exception to the mootness doctrine. Speculation that Cobb could return to prison does not overcome the mootness doctrine.[2] *See id.* at 207; *see also L.A. v. Lyons,* 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (assuming that persons " 'conduct their activities within the law and so avoid prosecution and conviction' ") (quoting *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).

For these reasons, the District Court did not have before it a question that could affect Cobb's rights. Accordingly, the District Court properly concluded that Cobb's complaint should be dismissed as moot.

**2.** Cobb's unrelated complaint of something that happened post-filing in another jurisdiction by another defendant does not change the outcome, as the District Court also concluded.