| | | |
|---|---|---|
| Terry Allen Hayes, | : | |
| Similar Situated Inmates (Including | : | |
| but not Limited to David Lusik, | : | |
| Edgar Murphy, Gregory Cupic, | : | |
| Dewitt Clifford, Louis Rigna, | : | |
| Harry Zimmerman, Zeke Coffee), | : | |
| Petitioners | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Department of | : | |
| Corrections, | : | No. 90 M.D. 2017 |
| Respondent | : | Submitted: January 5, 2018 |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: March 26, 2018

Before this Court are the Pennsylvania Department of Corrections'
(Department) preliminary objections (Preliminary Objections) to Terry Allen Hayes'
(Hayes)[1] pro se petition for review in the nature of a complaint for declaratory judgment
(Petition) filed in this Court's original jurisdiction.

On February 22, 2017, Hayes filed the Petition on behalf of himself and
similarly-situated inmates including, but not limited to, Gregory Cupic (Cupic)[2]
(collectively, Petitioners),[3] seeking a declaratory order that the Department's policy of

---

[1] Hayes' *in forma pauperis* application was granted on March 30, 2017.

[2] Cupic's *in forma pauperis* application was granted on April 20, 2017.

[3] David Lusik's (Lusik) *in forma pauperis* application was granted on March 30, 2017, but was revoked on June 6, 2017, pursuant to Section 6602(f) of the Prison Litigation Reform Act, 42 Pa. C.S. § 6602(f) (relating to abusive prison conditions litigation), and he was ordered to pay his filing

denying paroled sex offenders access to Community Corrections Centers/halfway houses (CCC),[4] while permitting non-sex offenders immediate access to CCCs upon parole, violates their equal protection rights.[5] On May 31, 2017, Petitioners filed a Motion for Certification of Class (Class Certification Motion), wherein they alleged that they and "others not named" have been affected by the Department's policy, and "collectively and individually have a personal stake" in the case's outcome.[6] Class Cert. Motion at 1.

On June 1, 2017, the Department filed the Preliminary Objections in the nature of a demurrer for Petitioners' failure to state a viable equal protection claim, and, for lack of standing. *See* Department Prelim. Obj. at 3. On June 15, 2017, Petitioners filed a response to the Department's Preliminary Objections entitled "Preliminary Objections to the Respondents['] Preliminary Objections" (Response). Notwithstanding, the Response does not reference any of the objections permitted under Pennsylvania Rule of Civil Procedure No. 1028 (*i.e.*, lack of jurisdiction, failure to conform to law or rule of court, insufficient specificity, legal insufficiency, lack of

---

fee on or before June 21, 2017 or his complaint would be dismissed. By July 6, 2017 order, Lusik was dismissed from this action because he failed to pay his filing fee. *Brown v. Dep't of Corr.*, 58 A.3d 118, 121 (Pa. Cmwlth. 2012) ("When a plaintiff's *in forma pauperis* status is revoked, a court may dismiss the plaintiff's complaint if the plaintiff thereafter fails to pay the filing fees and costs associated with the litigation.").

Edgar Murphy, Dewitt Clifford (Clifford), Louis Rigna (Rigna), Harry Zimmerman (Zimmerman) and Zeke Coffee (Coffee) were not granted *in forma pauperis* status, and they have not paid the Court's filing fee. Accordingly, they did not perfect their individual actions.

The Department expressed that "there is nothing in [its] inmate directory showing that [Clifford, Rigna, Zimmerman and Coffee] ha[ve] ever been incarcerated with the Department." Department Prelim. Obj. at 2 n.1.

[4] Section 5001 of the Prisons and Parole Code (Parole Code) defines a CCC as "[a] residential program that is supervised and operated by the [D]epartment[,]" whereas a community corrections facility is "[a] residential facility operated by a private contractor . . . ." 61 Pa. C.S. § 5001.

[5] Although Petitioners do not use the phrase equal protection in the Petition, we can reasonably interpret their claims as equal protection violation claims.

[6] To date, this Court has not rendered a decision on the Class Certification Motion.

2

capacity to sue or nonjoinder/misjoinder, pendency of a prior action, failure to exhaust statutory remedies, and/or available adequate legal remedy). Nor did Petitioners, in their Response, specifically answer the Department's Preliminary Objections. On July 12, 2017, this Court ordered this matter to be decided on briefs without oral argument.[7]

The law is well-settled:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, **it must appear with certainty that the law will not permit recovery**, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, **a court must confine its analysis to the** [**petition for review in the nature of a**] **complaint**.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). Thus, when deciding preliminary objections, our analysis is limited to only the Petition's contents.

According to the Petition, Petitioners remain incarcerated in state correctional institutions. However, this Court takes judicial notice of the Department's public records reflecting that since the time the Petition, and the Department's

---

[7] Due to Petitioners' failure to timely respond to this Court's order to file and serve their brief in opposition to the Department's Preliminary Objections, "the [C]ourt will proceed without [P]etitioners' brief." November 28, 2017 Order.

Preliminary Objections and brief were filed, Hayes and Cupic have been released from the Department's custody.[8]  Because Petitioners have been released, their declaratory judgment claim is moot.  *See Harris v. Rendell*, 982 A.2d 1030 (Pa. Cmwlth. 2009), *aff'd*, 992 A.2d 121 (Pa. 2010); *see also Cobb v. Yost*, 342 Fed.Appx. 858, 859 (3d Cir. 2009) ("[A]n inmate's claim for . . . declaratory relief becomes moot on his release from prison.") (unreported); *Sutton v. Rasheed*, 323 F.3d 236 (3d Cir. 2003).

> Under the mootness doctrine, an actual case or controversy must exist at all stages of review, not just when the complaint is filed.  *Pub. Defender's Office of Venango C[ty.] v. Venango C[ty.] Court of Common Pleas, . . .* , 893 A.2d 127 (Pa. 2006); *Harris . . . .*  The existence of a case or controversy requires 'a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication. . . . ' *City of Phila[.] v. [Se. Pa. Transp. Auth.],* 937 A.2d 1176, 1179 (Pa. Cmwlth. 2007).

*Finn v. Rendell*, 990 A.2d 100, 104-05 (Pa. Cmwlth. 2010).  This Court has ruled: "Absent an 'actual controversy,' any opinion rendered would be advisory, and we do not issue advisory opinions.  *Rendell v. P[a.] State Ethics Comm['n],* 938 A.2d 554, 559 (Pa. Cmwlth. 2007)."  *Buehl v. Beard*, 54 A.3d 412, 419 (Pa. Cmwlth. 2012), *aff'd,* 91 A.3d 100 (Pa. 2014); *see also Chruby v. Dep't of Corr.*, 4 A.3d 764, 771 (Pa. Cmwlth. 2010) ("This Court will not decide moot questions.").  Because it "appear[s] with certainty that the law will not permit [Petitioners'] recovery," *Torres*, 997 A.2d at 1245, we sustain the Department's demurrer.[9]

---

[8] Hayes was released on January 25, 2018.  Cupic completed his sentence on February 16, 2018.  *See* the Department's Inmate Locator; *see also* https://www.vinelink.com/#/searchResults/1 (last visited February 26, 2018).

[9] In light of this holding on Petitioners' substantive claim, the Court need not address the Department's objection to Petitioners' standing.

4

Based on the foregoing, the Department's Preliminary Objection in the nature of a demurrer is sustained, and the Petition is dismissed. In light of this holding, Petitioners' Class Certification Motion is denied as moot.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terry Allen Hayes,                              :
Similar Situated Inmates (Including             :
but not Limited to David Lusik,                 :
Edgar Murphy, Gregory Cupic,                    :
Dewitt Clifford, Louis Rigna,                   :
Harry Zimmerman, Zeke Coffee),                  :
                            Petitioners         :
                                                :
                v.                              :
                                                :
Pennsylvania Department of                      :
Corrections,                                    :        No. 90 M.D. 2017
                            Respondent          :

# O R D E R

AND NOW, this 26th day of March, 2018, the Pennsylvania Department of Corrections' preliminary objection in the nature of a demurrer is SUSTAINED.

Terry Allen Hayes' (Hayes) pro se petition for review in the nature of a complaint for declaratory judgment on behalf of himself and similarly-situated inmates including Gregory Cupic (Cupic) (collectively, Petitioners) is DISMISSED.

Petitioners' Motion for Certification of Class is DENIED as moot.

_____
ANNE E. COVEY, Judge