## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CAROLE STREIFTHAU,  :
                                         :      C.A. No. K18A-07-005 WLW

    Claimant Below-  :
    Appellant,  :

                                         :

    v.  :

                                         :

BAYHEALTH MEDICAL CENTER, :

                                       :

    Employer Below-  :
    Appellee.  :

Submitted: January 2, 2019
Decided: March 21, 2019

**ORDER**

Upon an Appeal from the Decision of the
Industrial Accident Board.
*Remanded.*

Walt F. Schmittinger, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorney for Appellant.

Keri Morris-Johnson, Esquire of Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware; attorney for Appellee.

WITHAM, R.J.

**INTRODUCTION**

1. Before the Court is the appeal of Carole Streifthau (hereinafter "Appellant") from a decision of the Delaware Industrial Accident Board (hereinafter "the Board" or "IAB"). The Board originally considered the Appellant's motion pursuant to 19 *Del. Admin. C.* § 1341 ¶ 4.16.1.2, at a hearing conducted on May 9, 2018 and denied the motion on June 27, 2018 in favor of Bayhealth Medical Center (hereinafter "Appellee") and Dr. Stephen L. Fedder (hereinafter "Dr. Fedder").

2. After consideration of the record and the parties' arguments on appeal, the Court finds that the Board did not fully address the Appellee's argument at the hearing that raised an issue regarding the Appellant's possible lack of standing to bring the motion before the Board. As a result, this appeal is hereby **REMANDED** to the Board for determination and resolution of the Appellant's standing.

**FACTUAL AND PROCEDURAL BACKGROUND**

3. This appeal arises as part of the Appellant's IAB petition regarding surgical treatment that was heard by the Board on February 13, 2018.

4. As part of its defense, the Appellee retained Dr. Fedder, a certified provider under the Delaware Workers Compensation Act, as a defense medical expert. The Appellee and Dr. Fedder allegedly negotiated Dr. Fedder's services fee and eventually agreed to a fee totaling $5,000.00.[1] Dr. Fedder was responsible for

---

[1] Appellant Ex. A. at 71.18-24 (Dr. Fedder references a "Global Deposition Fee" that, in addition to a $1000.00 deposition fee, included preparation of records and review of records that were not available during his face-to-face evaluation of the Appellant.). *See also* Trial Record at 30 (fee also incorporated "research and background" and "responses to emails and other

2

providing the Appellee with an evaluation of the Appellant and his subsequent deposition testimony.

5. During the February 13 hearing, the Appellant raised an objection to the fees charged by Dr. Fedder, asserting that the $5000.00 fee was for his deposition testimony only, violating the Delaware's Workers' Compensation Regulations, specifically, 19 *Del. Admin. C. §* 1341, ¶ 4.16.1.2. The Appellant's motion sought the mandatory fine pursuant to the regulation pursuant to 19 *Del. C. §* 2322F.[2]

6. The Board issued its decision on March 5, 2018, granting the Appellant's petition for surgical treatment.[3] However, the Board reserved hearing arguments on the Appellant's objection to Dr. Fedder's fee until a second hearing.

7. The Board conducted the second hearing on May 9, 2018 and heard oral arguments in consideration of the Appellant's objection. The Appellant argued that both Dr. Fedder and the Appellee were subject to the mandatory fine for its violation of section 1341, ¶ 4.16.1.2, because Dr. Fedder had allegedly charged the Appellee more than $2,000.00, the amount allowable by law, for his deposition testimony and the Appellee paid $5,000.00. The Appellee proffered several arguments in response, one of which being that the Appellant had no standing to make the motion on behalf

---

communications").

[2] The Appellant also sought to exclude Dr. Fedder's testimony from the February 13, 2018 hearing.

[3] The Board's decision regarding the Appellant's surgical treatment is not at issue upon appeal.

of the employer.[4]

8. Ultimately, the Board denied the Appellant's motion on June 27, 2018, and found that a fine was not warranted based on the facts.[5] The Board held:

> [t]he Fee Schedule is meant to limit the bills that an injured worker can impose on the carrier...it is not meant to restrain a carrier who wants to pay more for its defense medical expert witness testimony.[6]

The Board further found that Dr. Fedder's deposition fee was in actuality less than $2,000.00 and justified the remaining $4000.00 as Dr. Fedder's compensation for time spent on other aspects of the case other than testimony.[7] However, while the Board noted the Appellee's standing objection and Appellant's counter in its opinion, the Board failed to determine the issue.[8]

9. The Appellant filed a timely Notice of Appeal on July 17, 2019.

## THE PARTIES' CONTENTIONS

10. The Appellant contends that the Board erred as a matter of law by misinterpreting its regulations pertaining to charges allowable in workers

---

[4] Trial Record at 21.20-21.

[5] *Streifthau v. Bayhealth Medical Center*, IAB Hearing No. 1432002 (June 27, 2018).

[6] *Id.* at 3.

[7] *Id.*

[8] *See* Appellee Ex. A.

compensation matters under 19 *Del. Admin. C. § 1341*, ¶ 4.16.1.2.[9] She argues that as a Certified Provider pursuant to 19 Del. C. § 2322D, Dr. Fedder was required to comply with Delaware's Workers' Compensation laws, including all parts of section 1341.[10] Additionally, the Appellant makes a public policy argument, arguing that if there is nothing that limits carriers in the amount that they pay for medical testimony, those carriers create (1) an substantial imbalance in the compensation of medical providers and (2) a substantial, disproportionate, and unequal incentive for medical providers to favor one position over the other.[11]

11. In opposition, the Appellee responds that the Board's decision was free from legal error and supported by substantial evidence.[12] More specifically, Bayhealth asserts that the Board was correct in finding that the fee schedule pursuant to the Delaware Healthcare Payment system is meant to limit the bills imposed on the carrier, not to restrain the carrier from contracting what fees it negotiates with defense medical experts.[13] The Appellee raises several grounds supporting its position, but notably omitted any mention of the Appellant's standing that Bayhealth raised at the May 9, 2018 hearing.

---

[9] Appellant Brief at 5.

[10] *Id.* at 8.

[11] Appellant Brief at 10.

[12] Appellee Reply at 9.

[13] *Id.*

## STANDARD OF REVIEW

12. In an appeal from an IAB, this Court's review is limited.[14] The Court must determine whether the IAB's decision is supported by substantial evidence[15] and is free from legal error.[16] This Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[17] Those functions are vested in the IAB.[18] If the issue raised on appeal from an IAB decision solely involves a question of the proper application of the law, our review is de novo.[19]

## DISCUSSION

13. Despite the Appellee's omission of the standing issue raised at the May 9 hearing, the Court finds that standing must be determined by the Board before the Court can determine any merits of the present appeal. Since the Board did not make a standing determination below, it is not appropriate for the Court to determine that

---

[14] *Munyan v. Daimer Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[15] "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993) (citing *Olney v. Cooch*, 425 A.2d. 610, 614 (Del. 1981).

[16] *Glanden v. Land Prep., Inc.*, 918 A.2d 1098, 1100 (Del. 2007) (citing *Johnson*, 213 A.2d at 66).

[17] *Munyan*, 909 A.2d at 136 (citing *Johnson*, 213 A.2d at 66).

[18] *Glanden*, 918 A.2d at 1101 (citing *Johnson*, 213 A.2d at 66).

[19] *Baughan v. Wal-Mart Stores*, 947 A.2d 1120, 2008 WL 1930576, at *2 (Del. 2008) (Table); *see also Munyan*, 909 A.2d at 136 (citing *Johnson*, 213 A.2d at 66).

issue, let alone the merits of the appeal, without this dispositive issue first being determined. Thus, the Court has no alternative but to remand the case to the Board for further determination and resolution of the Appellant's standing.

14. A party invoking the jurisdiction of this Court bears the burden of establishing the elements of *standing*.[20] Standing refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance.[21]

15. Our Supreme Court has recognized the standing requirements set forth in *Lujan v. Defenders of Wildlife*[22] as generally the same for Delaware state courts.[23] To bring an action in Delaware, one must establish standing by showing: (1) an injury-in-fact to a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) that the claim is redressable by a favorable decision.[24] During the litigation process, parties' standing may change as a result from a myriad of subsequent legal or factual causes that occur while the litigation is in

---

[20] *Dover Historical Soc. v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1109 (Del. 2003). (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

[21] *See Stuart Kingston, Inc. v. Robinson*, 596 A.2d 1378, 1382 (Del.1991).

[22] 504 U.S. 555 (1992).

[23] *Dover Historical Soc.*, 838 A.2d at 1111.

[24] *Broadway v. Allstate Property & Casualty Insurance Co.*, 2015 WL 4749176, at *3 (Del. Super. Aug. 11, 2015) (citing *Dover Historical Soc.*, 838 A.2d at 1111)

progress.[25]

16. In this case, it is clear that the Appellant met the standing requirements in her petition for the surgery that resulted in the Board granting the Appellant's petition on March 5, 2018. However, the Appellant's standing to bring her motion to impose monetary fines on Dr. Fedder and the Appellee is less clear.

17. The Court will not offer conjecture as to why the Appellee omitted its standing argument in its response to the Appellant's appeal. Nor will the Court offer the same conjecture as to why the Board failed to fully address the Appellee's claim in its opinion. However, the Court does find that the Board had the obligation to determine the Appellant's standing in regard to her motion, and failed to do so.

18. In reference to the Appellant's standing, the Board stated:

[o]ne last argument [the Appellee] presented was that [the Appellant] has no standing to make this Motion, because she has not been asked to pay for [ ] Fedder's fees and his fees do not impact her case or her medical treatment. Claimant argues that she has standing because the deposition charges occurred in her case and her position was in peril with Dr. Fedder's testimony and with the high fee, even though she prevailed and the Board did not accept Dr. Fedder's opinions in the decision or merits of the case.[26]

This was not a determination by the Board. Rather, the Board only restated the arguments of the parties, without definitively determining the merits of the Appellee's assertion.

---

[25] *General Motors Corp. v. New Castle Cnty.*, 701 A.2d 819, 824 (Del. 1997).

[26] Appellee Ex. A.

19. Here, after review of the record, the Court finds that the issue of the Appellant's standing *might be* dispositive to her current appeal. However, the Court views determining the issue of the Appellant's standing an inappropriate, usurping of the Board's authority.

20. Therefore, since the Court can not move forward with the Appellant's appeal on the merits at this time, the Court remands this appeal to the Board, with instructions to determine and resolve the merits of the Appellee's standing argument.

21. In the event the Board finds that the Appellant had standing to bring the motion before the Board, then the Appellant is free to re-submit her appeal to this Court for its consideration on the merits.

## CONCLUSION

22. For the reasons set forth above, the Court **REMANDS** this appeal to the Industrial Accident Board with instructions consistent with this order.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

9